Cannady *v.* The People.

---

JAMES CANNADY, Plaintiff in Error, *v.* THE PEOPLE, Defendant in Error.

ERROR TO GREEN.

In an indictment for selling whisky in a less quantity than one gallon, the name of the purchaser, or an averment that he was unknown, is not necessary. The general averment of an illegal sale is sufficient; the kind of liquor sold need not be specified.

When statutes create offences, indictments should contain proper and sufficient averments to show a violation of the law, and to enable the accused to meet the charge ; beyond this, particularity of specification may furnish a means of evading the law, rather than defending against an accusation.

THE plaintiff in error was indicted for selling liquor without a license. He was tried at August term, 1854, of the Green Circuit Court, WOODSON, Judge, presiding, and found guilty, and fined ten dollars. A motion in arrest, was overruled.

The indictment charges that Cannady, not having a legal license to keep a grocery, did then and there unlawfully sell spirituous liquor, to wit : whisky, by a less quantity than one gallon, contrary to the form of the statute, &c.

PALMER and PITMAN, for Plaintiff in Error.

C. EPLER, District Attorney, for The People.

SCATES, C. J. The only question is whether an indictment for selling whisky in a less quantity than one gallon, without a legal license to keep a grocery, is substantially defective for want of the name of the purchaser, or an allegation that he was unknown.

We think not. The general averment of an illegal sale, is in this respect sufficient, and this we think warranted, not only by the authorties, but the good sense of requiring only substantial facts necessary to enable the plaintiff to know the charge, and to prepare his defence.

The existing provision on the subject, has fixed the minimum quantity to be sold without license at one gallon. *Sullivan* v. *The People,* 15 Ill. R. 233 ; *Bennett* v. *The People,* 16 Ill. R. 160. And kind need not be specified. *Zarresseller* v. *The People,* 17 Ill. R. 101. Where statutes create offences, indictments should contain proper and sufficient averments to show a violation of the law. An indictment charging embezzlement by an *agent* of a co-partnership, is not sufficient under a statute for the punishment of embezzlement by the *agent* of a corporation. *Hamuel* v. *State of Missouri,* 5 Mo. R. 260. So under the act defining a riot to be an unlawful assault, an indictment was held insufficient which charged a forcible and violent beating, &c. *McWaters et al.* v. *State of Missouri,* 10 Mo. R. 168—and the indictment must state all the circumstances which constitute the definition of the offence in the act, so as to bring the defendant precisely within it. Id. 169 ; 9 Mo. R. 287. But in *The State* v. *Bray,* 1 Mo. R. 180, it was held not to be a part of the definition, although used in the statute in relation to assault and battery.

The general rule in such cases, as to certainty, is recognized

in the *Commonwealth* v. *Thurlow*, 24 Pick. R. 381. But another distinction was taken in relation to necessary averments. In the Massachusetts statutes there are two offences defined, and different penalties imposed. One against *common* sellers, or retailers, and the other against persons guilty of a single act, without a license. Where the indictment charged the latter offence, the court held it necessary to charge the time, place, and to a person named, or that the name was unknown. Id. 379. But in an indictment against a *common* seller, &c., it was unnecessary to name the person. *Commonwealth* v. *Odlin*, 23 Pick. R. 279 ; nor the kind of liquor, as the kinds were merely put in the statute " by way of instance " of the larger term, " spirituous liquors," "as to give efficiency to the rule of construction, *ejusdem generis*, and qualify those more general words." To the same effect as to averments of the kind of liquor and persons to whom sold, is the case of *State* v. *Munger*, 15 Vermont R. 294, and the *Commonwealth* v. *Dove*, 2 Va. Cases 26, as to the name of the person purchasing. In *The People* v. *Adams*, 17 Wend. R. 476, the court held it unnecessary to allege the name of the person purchasing—the offence consists in the *act of selling*, and therefore the designation of the person is no way material. And as a question of pleading, certainty to a common intent does not require it. The precedents all appear the other way, as set forth in 2 Burns' Justice 185, *et seq*. 4 Wentworth 504 ; 1 Burns 23, 24 ; 2 Chit. Crim. Law 434.

The rule is abundantly sustained by the American decisions as collected ; Wharton's Crim. Law 815 to 820; though a contrary rule is adopted in some of the States.

The like is held in Virginia for selling to slaves, that the name of the owner need not be averred. *Commonwealth* v. *Smith*, 1 Gratt. R. 553 ; though it is ruled otherwise in *Commonwealth* v. *Cook*, 13 B. Monroe 149, because the defendant may prove permission from the owner so to sell, and should be advised who he should call to establish the license—and a very good reason for a distinction.

These great niceties, and strictness in pleading, should only be countenanced and supported, when it is apparent that the defendant may be surprised on the trial, or unable to meet the charge or make preparation for his defence, for want of greater certainty or particularity in the charge.

Beyond this, it tends more to the evasion than the investigation of the charge, and becomes rather a means of escaping punishment for crime, than of defence against the accusation.

*Judgment affirmed.*

SKINNER, Justice, dissented.