HARRY LOEHR

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield March 31, 1890.*

1. CRIMINAL LAW—*of the indictment—general requisites—the statute considered.* Section 468 of the Criminal Code, to the effect that an indictment shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statute, etc., is not limited to the Criminal Code as it existed when the section was passed, but is a general rule of criminal pleading, applicable to all cases within its terms, without regard to the date of the enactment of the statute under which the case may arise.

2. SAME—*indictment—for defacing and altering a tax collector's book—sufficiency.* An indictment under section 228 of the Criminal Code alleged that the defendant, on, etc., at, etc., a certain book, to-wit, the collector's book of B. township, M. county, Illinois, for the taxes of the year 1888, in the office of the county treasurer of M. county, State of Illinois, then and there, feloniously, willfully and maliciously, did deface and alter. A motion to quash was made, for the reason that the indictment failed to set out the facts constituting the defacing and alteration, which the court overruled : *Held,* that the indictment was sufficient to apprise the defendant, with reasonable certainty, of the nature of the charge.

3. An indictment for the corrupt and willful alteration of a collector's book for taxes is sufficient if it charges the offense in the language of the statute creating the same, or states the offense so plainly that the nature of the offense charged may be easily understood by the jury.

4. SAME—*pleading and evidence—proof of immaterial averment—as to place of keeping the tax book.* An indictment of a township collector of taxes and his deputy for feloniously altering, defacing and falsifying the collector's book, containing the taxes of the preceding year ordered to be collected, described the same as the collector's book of the proper township, and then averred that such book belonged to the office of the county treasurer of the county, and in another count described the book as being in the office of the county treasurer : *Held,* that the allegation of the book as being in or belonging to the office of county treasurer was immaterial, and need not be proved. In such case it was wholly immaterial where such book was kept at the time of the alteration of the same.

5. TAXATION—*collector's book—annexing the warrant thereto—of the mode.* Section 136 of the Revenue law requires a warrant to be annexed to the collector's book, under the official seal of the county clerk, commanding the collector to collect the taxes shown by the book ; but as the statute is silent as to the manner in which the warrant is to be annexed, the court holds that the statute will be complied with if it is annexed to the collector's book in any manner whatever, either by mucilage, eyelets, a cord or by wire.

6. A collector's book of a township of 794 pages, with the name of each tax-payer, and the amount of the taxes he was required to pay, set down therein, was made up by the county clerk ; also, another book containing 28 pages, which contained totals, but contained no names, or the amount of taxes to be paid by any one person. On the next to the last page of this was printed the collector's warrant. When the collector's book was delivered by the county clerk to the collector, the 28 pages were a part of the tax book, and they were tied or fastened to the main book with a cord, string or wire : *Held,* that these facts were sufficient to show that the warrant was annexed to the collector's book, within the meaning of section 136 of the Revenue act.

7. SAME—*estoppel of collector to deny that a warrant was annexed to his tax book.* Where a tax collector receives the tax book of his township with the warrant attached thereto, and he and his deputy collect taxes under it, they will be estopped from afterward claiming the warrant was not attached to the tax book as required by the statute.

8. IMPEACHING A WITNESS—*of the mode.* An instruction that the testimony of a witness may be disregarded if such witness has been successfully impeached, either by direct contradiction or by proof of general bad reputation for truth and veracity, unless his statement is corroborated by other credible evidence, announces a correct rule.

WRIT OF ERROR to the Circuit Court of McLean county ; the Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. KERRICK, LUCAS & SPENCER, for the plaintiff in error :

The statute applies only to officials, *Shirk* v. *People,* 121 Ill. 61.

The indictment is not sufficient. It should set out wherein the alterations, etc., are. 3 Chitty's Crim. Law, 1050 ; Bishop's Directions and Forms, sec. 474 ; 2 Bishop's Crim. Proc. sec. 419 ; *State* v. *Fisher,* 58 Mo. 256 ; *United States* v. *Ford,* 34 Fed. Rep. 26 ; *State* v. *Knippa,* 29 Texas, 296 ; *Coleman* v.

*Commonwealth,* 25 Gratt. 865; *Harrington* v. *State,* 54 Miss. 493; *Brown* v. *People,* 86 Ill. 239; *United States* v. *Carroll,* 105 U. S. 611; *Kahn* v. *State,* 58 Ind. 168.

When the language of the statute creating a new offense does not describe the act or acts constituting the offense, the pleader is bound to set them forth specifically. Wharton's Crim. Pl. and Pr. secs. 154, 220, 221; *Johnson* v. *People,* 113 Ill. 102; *State* v. *Bryant,* 17 N. H. 323; *Bitting* v. *State,* 56 Ind. 101.

The collector's book, as a matter of law, is not a record. *Smith* v. *State,* 18 Ohio, 120.

A warrant must be attached to the collector's book, to authorize the collection of the taxes. Blackwell on Tax Titles, 201; *Ream* v. *Stone,* 102 Ill. 359; *Sidwell* v. *Schumacher,* 99 id. 426.

As to the meaning of the word "annexed," see Freeman on Judgments, secs. 412, 413; *Saco* v. *Hopkinton,* 29 Me. 268; *Norwood* v. *Cobb,* 20 Texas, 588; *McFarlane* v. *Harrington,* 2 Bay, 555.

The proof failed to show that the book belonged to the office of the county treasurer, and there was therefore a fatal variance. 1 Greenleaf on Evidence, sec. 65; Wharton on Crim. Ev. sec. 125.

Mr. E. H. MINER, State's Attorney, and Mr. E. O'CONNELL, for the People:

An indictment charging the offense in the language of the statute is sufficient. *Morton* v. *People,* 47 Ill. 468; *Miller* v. *People,* 2 Scam. 233; *Cannady* v. *People,* 17 Ill. 158.

It is immaterial whether or not the book was a record, as in two of the counts it is not described as a record, and the warrant was properly annexed thereto.

The allegation that the book belonged to or was in the office of the county treasurer was immaterial.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

Plaintiff in error and Ignatz Lederer were indicted under section 228 of the Criminal Code, which is as follows: "If any judge, justice of the peace, sheriff, coroner, clerk, recorder, or other public officer, or any person whatsoever, shall steal, embezzle, alter, corrupt, withdraw, falsify or avoid any record, process, charter, gift, grant, conveyance, bond or contract, or shall knowingly and willfully take off, discharge or conceal any issue, forfeited recognizance, or other forfeiture, or shall forge, deface or falsify any document or instrument recorded, or any registry, acknowledgment or certificate, or shall alter, deface or falsify any minute, document, book, or any proceeding whatever, of or belonging to any public office within this State, the person so offending shall be imprisoned in the penitentiary not less than one nor more than seven years." 1 Starr & Curtis, p. 803, sec. 228.

The indictment contained four counts. The first count charges that Ignatz Lederer and Harry Loehr, on the 5th day of February, 1889, in said county, "a record, to-wit, collector's book of Bloomington township, McLean county, and State of Illinois, for the taxes of the year 1888, belonging in the office of the county treasurer, to-wit, Lewis Ijams, county treasurer of McLean county, and State of Illinois, then and there, unlawfully, feloniously and maliciously did corrupt, falsify and alter, contrary," etc. The second count, after the formal part: "A certain book, to-wit, the collector's book of Bloomington township, McLean county, State of Illinois, then and there, feloniously, willfully and maliciously, did deface and falsify, contrary," etc. The third count, after the formal part: "A certain document, to-wit, the collector's book of Bloomington township, McLean county, Illinois, for the taxes of the year 1888, belonging in the office of the county treasurer of McLean county, and State aforesaid, then and there, unlawfully, feloniously and maliciously, did alter, deface and falsify, contrary,"

etc. The fourth count, after the formal part: "A certain record, to-wit, the collector's book of Bloomington township, McLean county, Illinois, for the taxes of the year 1888, in the office of the county treasurer, and State aforesaid, then and there, unlawfully and feloniously, did alter, corrupt and falsify, contrary," etc.

Lederer pleaded guilty. The other defendant, Loehr, was tried by a jury, and the jury returned a verdict of guilty, and fixed the term of imprisonment at one year in the penitentiary. Upon the return of the indictment into court, plaintiff in error entered a motion to quash each count. The court overruled the motion, and the decision is relied upon as error.

Ignatz Lederer was elected collector of taxes in Bloomington township, McLean county, in the spring of 1888, to collect the taxes for that year. He employed the plaintiff in error as an assistant, at a salary of $50 per month. They received the collector's book on the 4th day of January, 1889, and at once commenced collecting taxes, and held it until February 18, 1889. During the time the collector's book was in the hands of Lederer and the plaintiff in error, in a large number of instances the amount of taxes against persons was changed, and the amount increased. Other changes were made in the tax book, but it will not be necessary to refer to them here.

The motion to quash was based upon the ground that the indictment was defective, for the reason that it failed to set out facts from which it would appear to the court that the alleged corrupting, falsifying, altering and defacing were, in law, alterations, within the meaning of the statute. It will be observed that the statute, in so far as it relates to the charge under consideration, declares: "If any judge, * * * or other public officer, or any person whatsoever, shall * * * alter, corrupt or falsify * * * any record, * * * or shall knowingly and willfully * * * deface or falsify any document, book, or any proceeding whatever, of or belonging to any public office within this State, the person so offending shall be imprisoned,"

etc. The indictment states the offense in the terms and language of the statute which created the offense, which is all that seems to be required by section 468 of the Criminal Code. That section declares: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statute creating the offense, or so plainly that the nature of the offense may be easily understood by the jury."

In *Morton* v. *The People*, 47 Ill. 468, where a party was indicted for obtaining money "by means and by use of the confidence game," and the indictment failed to set out or specify the means used, or what the defendant said or did to obtain the money, the objection was made, as has been done here, that the indictment was defective because the elements constituting the offense had not been set out. But, on the authority of *Miller* v. *The People*, 2 Scam. 233, and *Cannady* v. *The People*, 17 Ill. 158, the indictment was sustained.

In *Lyons* v. *The People*, 68 Ill. 273, where a person was indicted for the crime of burglary, under a statute creating the offense, but the word "burglariously" was omitted from the indictment, the indictment was sustained, the court holding that the statute cited *supra* is not limited to the Criminal Code as it existed when the statute was passed, but it is a general rule of criminal pleading, applicable to all cases within its terms, without regard to the date of the enactment of the statute under which the case may arise.

Bishop, in his work on Criminal Procedure, (vol. 1, 611,) says: "Where the offense is purely statutory, having no relation to the common law,—where, in other words, the statute specifically sets out what acts shall constitute the offense,—it is, as a general rule, sufficient in an indictment to charge the defendant with acts coming fully within the statutory description, in the substantial words of the statute, without any further expansion of the matter." See, also, the following cases, where the same doctrine is announced: *McCutcheon* v. *The*

*People*, 69 Ill. 605; *Cole* v. *The People*, 84 id. 216; *Fuller* v. *The People*, 92 id. 182; *The People* v. *West*, 106 N. Y. 293. In the case last cited it is said: "The indictment follows the language of the statute, and the general rule is well settled, that an indictment for a statutory offense, and especially when the offense is a misdemeanor, charging the facts constituting the crime in the words of the statute, * * * is good as a pleading."

Under the rule established by the cases cited, we think that the indictment was sufficient. It is averred, in plain terms, that a record,—the collector's book of Bloomington township, McLean county, for the taxes for the year 1888,—was unlawfully, feloniously and maliciously altered. Under this averment the defendants were apprised by the indictment, with reasonable certainty of the nature of the accusation against them, and thus had ample opportunity to prepare their defense, and this is all that could be required.

The statute requires that a collector's warrant shall be annexed to the collector's book, and it is insisted that no warrant was annexed, and hence the alteration of the book in question could not be regarded as an alteration of the collector's book of Bloomington township, as charged in the indictment. We find in the brief of counsel the following statement of facts upon which the position assumed is predicated: "The facts in this case, as shown by the record, are, that a large, bound book, containing seven hundred and ninety-four pages, with the name of each tax-payer, and the amount he should pay, set down therein, was made up by the county clerk; also, another book or pamphlet, containing twenty-eight pages, which contained totals, but contained no names, nor the amount of taxes to be paid by any one person, but on the next to the last page of which was printed the collector's warrant. That smaller book, at the time of its admission in evidence, was simply laid in between the cover of the larger book and the last page of the larger book, but was in no way physically

'annexed' to the larger book, nor would either of said books in any way be mutilated by the entire removal of the smaller book from the larger one." It does, however, appear from the evidence, in addition to what is stated by counsel, that when the collector's book was completed, and delivered by the county clerk to the collector, the twenty-eight pages named were a part of the tax book, and they were tied or fastened to the book with a cord, string or wire.

As was heretofore said, section 136 of the Revenue law requires a warrant to be annexed to the collector's book. Under the official seal of the county clerk this warrant commands the collector to collect from the several persons named in the book the several sums of taxes therein charged opposite their respective names. This is followed by section 137, which authorizes the collector, under the warrant, in case any person fails to pay his tax on personal property, to levy upon and sell property in payment of such tax. It thus appears that the warrant annexed to the collector's book is the authority under which taxes are collected; but in what manner the warrant shall be annexed to the collector's book the statute is silent. Whether it shall be written on some page of the collector's book, or whether it shall be written on a separate sheet of paper and in some mode fastened to the book, the legislature has not determined, and in the absence of any mode being pointed out, we are inclined to think the statute will be complied with if the warrant should be annexed in any manner whatever. It might be annexed by mucilage, it might be fastened by eyelets; and we see no reason why it may not be tied or fastened to the book by a cord, or by wire, as was done in this case.

We think the evidence sufficiently shows that the warrant was annexed, within the meaning of section 136 of the Revenue law. Moreover, the evidence shows that defendants received the collector's book with the warrant attached, as before stated, and they can not be heard to say, after having received it as

the collector's book, and collected taxes under it, that the warrant was not attached as the statute required.

In defendant's fifth instruction the court was requested to instruct the jury, in substance, that one of the material averments in each count of the indictment was, that the book in question was "of or belonging to" the office of county treasurer at the time of the committing of the alleged offense; and the court instructs the jury, that if the prosecution have failed to prove, beyond a reasonable doubt, that the book in question, at the time of the committing of the alleged offense, was of or belonging to the office of county treasurer, the jury should find the defendant not guilty. The court refused the instruction, and the ruling is claimed to be erroneous.

In some of the counts of the indictment the collector's book is alleged to be in the office of the county treasurer, while in others the allegation is, "belonging to the office of county treasurer." We do not regard these allegations as material. It is alleged in each count of the indictment that the collector's book of Bloomington township, for the taxes of the year 1888, was at a certain time altered by the defendants. It is only necessary to refer to one of the counts to show the nature and scope of all of them. It is as follows: "And the grand jurors aforesaid, in the name and by the authority aforesaid, and upon their oaths aforesaid, further present, the said Ignatz Lederer and Harry Loehr, late of said county, on the 5th day of February, in the year of our Lord one thousand eight hundred and eighty-nine, at and within said county of McLean and State aforesaid, a certain book, to-wit, the collector's book of Bloomington township, McLean county, Illinois, for the taxes of the year 1888, in the office of the county treasurer of McLean county, State of Illinois, then and there, feloniously, willfully and maliciously did deface and falsify." This averment, in plain terms, shows that the book belonged to the office of town collector of Bloomington township, in McLean county, and the fact that it was at the time in the office of the county treasurer

was not material. It was in the custody of the officer, and whether he kept the book in the treasurer's office or some other place was a matter of no moment. The statute is, "if any public officer or other person shall alter, corrupt or falsify any book of or belonging to any public office, they shall be liable." Here the indictment avers a book belonging to a certain office, at a certain time, was altered. This falls within the terms of the statute, and the averment of the other fact, that the book was at the time in the office of the county treasurer, was immaterial. We think the court decided right in refusing the instruction.

It is also claimed that the sixth and ninth instructions given on behalf of the People do not contain correct propositions of law. The sixth instruction, in substance, informed the jury that the testimony of a witness may be disregarded, if such witness has been successfully impeached, either by direct contradiction, or by proof of general bad reputation for truth and veracity, unless the statements of such witness are corroborated by other credible evidence. A witness may be impeached by direct contradiction on material matter, or by evidence that the general reputation of the witness for truth and veracity is bad, and the instruction, as we understand it, merely announces that rule.

Instruction No. 9 directed the jury, that if they believed, from the evidence, beyond a reasonable doubt, that the defendant, Harry Loehr, altered and falsified the collector's book of Bloomington township, McLean county and State of Illinois, for the taxes of the year 1888, in manner and form as charged in the indictment, then the jury should find the defendant guilty. An instruction of this character is often given in criminal cases, and no reason occurs to us why it is not applicable in this case. But if the instruction was not, as applied to the facts of this case, technically accurate, it contains nothing calculated to mislead the jury.

33—132 ILL.

It is also claimed that the verdict is not supported by the evidence. The evidence mainly relied upon by the People to secure a conviction was the testimony of Ignatz Lederer, an accomplice in the crime, who had pleaded guilty. If this witness testified to the truth, there was evidence to sustain the verdict. His veracity was a question solely for the jury.

The judgment will be affirmed.

*Judgment affirmed.*