JAMES J. WEST

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa March 30, 1891.*

1. CRIMINAL LAW—*of the indictment—description of the offense.* The purpose of the provision in section 9, article 2, of the constitution, that one accused of a criminal offense shall have the right "to demand the nature and cause of the accusation against him," is to secure to the accused such specific designation of the offense laid to his charge as will enable him to prepare fully for his defense, and to plead the judgment in bar of any subsequent prosecution for the same offense.

2. In an indictment under a statute, where the language of the statute creating the offense does not describe it, the pleader is required to set forth the alleged offense sufficiently to apprise the defendant of the offense of which he is charged. But when the statute describes the offense, it will be sufficient to state the offense in the language of the statute, or so plainly that the nature of the offense may be easily understood.

3. While the general rule is, that it is sufficient to state the substantive elements of the crime in the language of the statute creating the offense, yet in cases of felony the indictment must, either by the statutory description or by other apt averment, so identify the offense as to meet the requirements of the constitution.

4. SAME—*indictment—for issuing false certificates of corporate stock.* A count in an indictment charging the president and secretary of a corporation, generally, with the issue to the former of false and fraudulent certificates of stock in the corporation, in the language of the statute, substantially, is too general to apprise the defendants of the nature and extent of the charge. To sustain such a count would be to require the defendants to defend, not against one transaction, alone, but against every one in which stock may have been issued.

5. In the same case, the indictment, in the first count, charged that the defendants, on, etc., at, etc., "knowingly and designedly did issue to him, the said W., (the president,) four certain false certificates of ownership, each for the sum of one hundred shares of the capital stock of the Chicago Times Company, incorporated, etc., with intent to defraud the said Chicago Times Company," etc. The second and third counts were the same, except that the words "fraudulent" and "simulated" were used instead of the word "false." The fourth and fifth counts were the same,—that the certificate was for three hundred and

forty-nine shares of stock: *Held,* that the counts stated the offense substantially in the language of the statute creating the offense, (Crim. Code, sec. 119,) and were sufficient.

6. SAME—*joinder of counts—separate and distinct felonies.* In prosecutions for felony the defendant can not be placed on trial, upon the same indictment, for separate and distinct felonies, but he can not insist that he shall not be put on trial on an indictment containing counts charging separate felonies, unless it affirmatively appears that the matters charged are not parts of one and the same transaction, but are separate and distinct, in law and in fact.

7. SAME—*charging separate and distinct offenses—requiring the prosecution to elect.* It is proper practice to insert several counts in an indictment, charging the felony in different ways, to meet the varying phases of the evidence; and the court will not quash the indictment, or put the prosecutor to his election as to which count he will proceed under, where it may be doubtful if the intention be not to charge the same or cognate offenses growing out of the same transaction, but the court will postpone action until it is determined by the evidence that it is sought to convict the accused of two or more offenses growing out of separate and distinct transactions, before compelling an election by the State.

8. The three first counts of an indictment for the false issue of certificates of stock in a corporation, charged the issue of four certificates for one hundred shares of stock, the fourth and fifth counts the issue of a certificate for three hundred and forty-nine shares, and the seventh and eighth counts the issue of certain false certificates of ownership for twelve hundred and fifty shares of stock. The People's evidence failed to show that the three separate issues were parcels of the same act or transaction, either in time, amount or circumstances. The court overruled the defendant's motion, at the close of the evidence for the People, to require the prosecution to elect as to which felony alleged it would proceed : *Held,* that the court erred in disallowing such motion.

9. The prosecutor will not be compelled to elect when the several charges in the indictment relate to the same transaction, and are simply variations of the same charge, in view of preventing a variance in the pleadings and proof, or when a greater offense includes a lesser, or the offenses are cognate, as, in burglary and larceny, and the like.

10. But when, for the purpose of proving the charge made in any single count in the indictment, evidence is introduced tending to prove several separate and distinct offenses, it is the duty of the court, on motion of the defendant, before he is put on his defense, to require the prosecutor to elect upon which particular transaction he will rely for conviction.

11. The court should always interpose, either by quashing the indictment or by compelling an election, when an attempt is made, as shown by either the indictment or the evidence, to convict the accused of two or more offenses growing out of distinct and separate transactions.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. J. S. GRINNELL, Judge, presiding.

Mr. SIDNEY SMITH, and Messrs. FLOWER, SMITH & MUSGRAVE, for the plaintiff in error:

The court erred in not arresting the judgment, the description of the alleged certificates being utterly inadequate and insufficient.

The law requires that an indictment should set forth the document or writing made the basis of a charge of felony, *in hæc verba*, or in case of loss, by a description thereof which is reasonably certain and sufficient to identify the instrument when produced. Wharton's Crim. Pl. secs. 154-167, 221-223; *Wallace* v. *People*, 27 Ill. 45; *Merrill* v. *People*, 32 id. 449; *McNair* v. *People*, 89 id. 441; *State* v. *Enloe*, 4 D. & B. 373; *State* v. *Mace*, 76 Me. 64.

The indictment is neither sufficient under the constitution nor under the statute. The constitution requires that "the accused shall have a right to demand the nature and cause of the accusation, and to a copy thereof." Section 408 of the Criminal Code requires each indictment to set forth the accusation so plainly that the nature of the offense may be easily understood by the jury. *United States* v. *Simmons*, 96 U. S. 362; *United States* v. *Carll*, 105 id. 612; *United States* v. *Hess*, 124 id. 483; *Johnson* v. *People*, 113 Ill. 99; *State* v. *Mace*, 76 Me. 64.

Neither count charges that West transferred, assigned or pledged either of the certificates to a third person, therefore the facts alleged could not operate as a fraud on the company. Morawetz on Corp. sec. 683; Cook on Stockholders, sec. 293;

*Railroad Co.* v. *Schuyler,* 17 N. Y. 592; 34 id. 30; *Gutchins* v. *People,* 21 Ill. 642.

By the instructions for the People the court left it to the jury to find West guilty of three independent and distinct felonies. This was error. *Goodhue* v. *People,* 94 Ill. 37.

At the close of the People's case the defendant moved the court to compel the People to elect to proceed upon one charge of felony, and to specify the charge upon which they elected to proceed, which was refused. This was also error. *Goodhue* v. *People,* 94 Ill. 37.

Mr. GEORGE HUNT, Attorney General, Mr. JOEL M. LONGENECKER, State's Attorney, Mr. FRANCIS M. WALKER, and Mr. D. W. BURNS, for the People:

An indictment for a statutory offense is sufficient if it sets forth the offense in the language of the act creating it, or so plainly that the nature of the accusation can be readily understood. The object is, that the accused may be thereby notified of what he is charged, that the court and jury may be informed of what the charge is, and that a judgment thereon may be a bar to a further prosecution. The indictment in the case at bar answers all of these requirements. In support thereof we call attention to the following section of the statute, and the cases in this court in support of the same, together with some cases of other courts illustrative of the question involved: Crim. Code, sec. 468; *Cole* v. *People,* 84 Ill. 216; *Cannady* v. *People,* 17 id. 158; *Morton* v. *People,* 47 id. 468; *Lyons* v. *People,* 68 id. 271; *Mapes* v. *People,* 69 id. 523; *McCutcheon* v. *People,* id. 605; *Fuller* v. *People,* 92 id. 182; *Ker* v. *People,* 110 id. 645; *Seacord* v. *People,* 121 id. 623; *King* v. *Johnson,* 1 Leach's Cr. L. 1103; *State* v. *Ah Sam,* 14 Ore. 347; *State* v. *Howe,* 100 N. C. 450; *People* v. *West,* 106 N. Y. 293; 1 Bishop on Crim. Proc. sec. 611.

If the indictment contains one good count it will be sufficient to sustain a general verdict therein. *People* v. *Davis,*

56 N. Y. 100; *Sahlinger* v. *People,* 102 Ill. 241; *Ochs* v. *People,* 124 id. 399.

The statute makes it a felony to issue fraudulent stock to any one with intent to defraud. The indictment charges the issue of fraudulent stock to West, with intent to defraud the Chicago Times Company. The crime was committed *eo instanti* the fraudulent stock was issued. It mattered not that West knew the stock to be fraudulent, and therefore was not an innocent holder of it. *Sykes* v. *People,* 127 Ill. 117.

In point of law it is no objection that two or more offenses of the same nature, upon which the same or a similar judgment may be given, are contained in different counts of the same indictment. It therefore forms no ground for a motion in arrest of judgment, neither can it be objected to by way of demurrer or on a writ of error. 2 Hale's Pleas of the Crown, 173; 1 Chitty on Crim. Law, 253; *Kane* v. *People,* 8 Wend. 210; *Rex* v. *Jones,* 2 Campb. 131; *Carlton.* v. *Commonwealth,* 5 Metc. 532; *Booth* v. *Commonwealth,* id. 535; *Thompson* v. *People,* 125 Ill. 256.

Where there are different counts in an indictment charging distinct felonies, it is a matter of discretion with the trial court to compel the prosecutor to elect upon which of such counts he will proceed. This discretion of the trial court will be exercised whenever the court sees that the defendant may be embarrassed or have his rights prejudiced by having to meet two or more distinct charges, constituting separate offenses, upon which the evidence will be entirely different. But where separate felonies, charged in the different counts of an indictment, are of the same nature and degree, and connected together by a series of facts, so that, substantially, the same evidence is required upon each, the trial court, exercising a sound discretion, will refuse to compel the prosecutor to elect. *Young* v. *The King,* 3 D. & E. (3 T. R.) 106; *Thompson* v. *People,* 125 Ill. 256; *Ruth* v. *People,* 99 id. 185; *Parker* v. *People,* 97 id. 32; *King* v. *Johnson,* 2 Leach's Cr. L. 1103;

13—137 ILL.

*Kane* v. *People*, 8 Wend. 210; *George* v. *State*, 39 Miss. 570; *People* v. *McKinney*, 10 Mich. 94; *Ker* v. *People*, 110 Ill. 645; 1 Chitty on Crim. Law, 253.

The criminal intention is manifested by the circumstances connected with the perpetration of the offense, and the sound mind and discretion of the person accused. It is a question of fact, to be determined by the jury from all the facts and circumstances in evidence. *Slattery* v. *People*, 76 Ill. 217; *Fox* v. *People*, 95 id. 71; *Henderson* v. *People*, 124 id. 607; Wharton's Crim. Evidence, (9th ed.) sec. 736.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

James J. West and Charles E. Graham were indicted in the Criminal Court of Cook county for the violation of section 119 of the Criminal Code, which provides: "Every president, cashier, treasurer, secretary, or other officer, and every agent, attorney, servant or employe, of any bank, railroad, manufacturing or other corporation, and every other person who shall, knowingly and designedly, and with intent to defraud any person, bank, railroad, manufacturing or other corporation, issue, sell, transfer, assign or pledge, or cause or procure to be issued, sold, transferred, assigned or pledged, any false, fraudulent or simulated certificates or other evidence of ownership of any share or shares of the capital stock of any bank, railroad, manufacturing or other corporation, shall be punished by a fine not exceeding $4000, and by imprisonment in the penitentiary not more than ten years, as the jury shall determine."

The indictment contained a number of counts, all of which, however, were *noll pross'd* by the State's attorney, except the first, second, third, fourth, fifth, seventh and eighth. In the first count it was alleged that James J. West was president and Charles E. Graham secretary of the Chicago Times Company, a corporation under the laws of Illinois, and they did, on January 8, 1889, in Cook county, "knowingly and design-

edly issue to him, the said James J. West, four certain false certificates of ownership, each for the sum of one hundred shares of the capital stock of the Chicago Times Company, incorporated," etc., with intent to defraud the said Chicago Times Company, etc. The second count was the same as the first, save that the word "fraudulent" was used instead of "false;" and the third count was also the same as the first, except that "simulated" was used instead of "false." The fourth count charged that the defendants, "knowingly and designedly," as president and secretary, etc., "did issue to the said James J. West a certain false certificate of ownership of three hundred and forty-nine shares of the capital stock, etc., of said company," with intent to defraud the said Chicago Times Company, incorporated, etc. And the fifth count was the same as the fourth, except that the word "fraudulent" was used instead of "false." The seventh and eighth counts will be noticed further on.

A motion to quash the indictment and each count was interposed and overruled. At the conclusion of the evidence for the People, the defendants entered their motion to compel an ·election by the People as to which count they would proceed under, and of which alleged offense they would ask conviction. This motion was also overruled.

The jury found the defendant Graham not guilty, and the defendant West "guilty in the manner and form as charged in the indictment," fixing his punishment at a fine of $1000, and imprisonment in the penitentiary for five years. Motions of defendant West for new trial and in arrest were overruled; and judgment rendered on the verdict.

The motion to quash was based, first, upon the ground, in effect, that the indictment and each count were defective, in not so alleging and setting out the offense, and so identifying it, as to advise the defendants of the nature and cause of accusation against them; and second, that there was a misjoinder of felonies in the indictment.

The first objection is based upon the provision of the constitution, that in all criminal prosecutions the accused shall have the right "to demand the nature and cause of the accusation against him." (Sec. 9, art. 2.) The purpose of this provision is to secure to the accused such specific designation of the offense laid to his charge as will enable him to prepare fully for his defense, and plead the judgment in bar of a subsequent prosecution for the same offense. Bishop on Crim. Proc. par. 98; *State* v. *Learned*, 47 Me. 426; *State* v. *Mace*, 76 id. 64; *Murphy* v. *State*, 24 Miss. 590; *Same* v. *Same*, 28 id. 637; *State* v. *Startup*, 10 Vroom, 432; *United States* v. *Carll*, 105 U. S. 612; *McLaughlin* v. *State*, 45 Ind. 338; *Landregham* v. *State*, 49 id. 186; *United States* v. *Simmons*, 96 U. S. 362; *Commonwealth* v. *Phillips*, 16 Pick. 211; *Same* v. *Wood*, 4 Gray, 11. In *Murphy* v. *State, supra,* it was said that the provision of the constitution "was intended to secure to the accused such a specific designation of the offense laid to his charge as would enable him to make every preparation for his trial necessary to his full and complete defense." Bishop, in his work on Criminal Procedure, (par. 98,) says: "Under every sort of constitution known among us, an indictment which does not substantially set down, at least in general terms, all the elements of the offense—everything which the law has made essential to the punishment it imposes—is void. And besides this, under most of our constitutions the allegation must descend far enough into the particulars, and be sufficiently certain in its form of words, to give the defendant reasonable notice of what is meant. Yet, on the other hand, none of our constitutions forbid the abolishing of the common law forms, if other adequate forms are provided in their stead." In an indictment on a statute, as said by this court in *Johnson* v. *The People*, 113 Ill. 99, when the language of the statute creating the offense does not describe it, the pleader may "be bound to set them forth sufficiently" to apprise the defendant of the offense with which he

is charged. Wharton on Crim. Law, 221, *et seq.; Kibs* v. *The People,* 81 Ill. 599; *United States* v. *Gooding,* 12 Wheat. 460; *State* v. *Raines,* 2 McCord, 314, *533; *Commonwealth* v. *Cook,* 12 B. Mon. 149; *Clark* v. *State,* 19 Ala. 552; *State* v. *Brown,* 3 Mo. 210; *Morse* v. *State,* 6 Conn. 9; *The People* v. *Wilbur,* 4 Park. C. C. 19, and cases *supra.*

By the statute under consideration it is provided: "Every president * * * of any bank, * * * manufacturing or other corporation, * * * who shall, knowingly and design-.edly, and with intent to defraud any person, bank * * * or other corporation, issue * * * or cause to be issued * * * any false, fraudulent or simulated certificates or other evidence of ownership of any shares of the capital stock of any bank * * * or other corporation, shall be punished," etc. The offense is made to consist in knowingly and designedly issuing false, fraudulent or simulated certificates or other evidence of ownership of stock of his corporation, by the president or other officer or employe, with intent to defraud any person or corporation. All these facts are alleged in the first, second, third, fourth and fifth counts of the indictment, accompanied with apt allegations of the incorporation of the company whose stock was alleged to have been issued, that West was its president and Graham its secretary, the amount, in shares, of the alleged false, fraudulent and simulated cer-·tificates of stock, to whom issued, and the corporation intended to be defrauded thereby. It is provided by section 468 of the Criminal Code, that every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statute creating the offense, or so plainly that the nature of the offense may be easily understood by the jury. These counts of the indictment stated the offense in the substantial language of the statute, and a majority of the court are of the opinion that the offense was so identified in each of the counts being considered as to apprise the defendants, with reasonable cer-

tainty, of the nature and cause of the accusation against them, to enable them to prepare their defense and plead the judgment in bar of further prosecution for the same offense,—and this is all that is required by the constitutional provision referred to.

In *Morton* v. *The People*, 47 Ill. 468, it was held, that an indictment alleging that the defendant obtained money "by means and by use of the confidence game," was rendered sufficiently certain, and the crime "sufficiently identified, by the name of the victim" upon whom it was alleged the confidence game had been practiced, which, it was held, must appear in every indictment under that statute. So that, although the indictment failed to set out the means used or the facts and circumstances attending the obtaining of the money, the indictment sufficiently notified the defendant of the particular offense to enable him to prepare his defense and plead a conviction thereon in bar of a subsequent prosecution. In *Loehr* v. *The People*, 132 Ill. 504, it was held that an allegation that the defendant "a record, to-wit, the collector's book of Bloomington township, McLean county and State of Illinois, then and there, feloniously, willfully and maliciously, did deface and falsify, contrary," etc., sufficiently identified the offense. See, also, *Miller* v. *The People*, 2 Scam. 233; *Cannady* v. *The People*, 17 Ill. 158; *Lyons* v. *The People*, 68 id. 273; *Cole* v. *The People*, 84 id. 216; *Fuller* v. *The People*, 92 id. 182.

Nor did the court err in overruling the motion to quash said counts upon the second ground alleged. In prosecutions for felony, as we shall see later on, the defendant can not be placed on trial for separate and distinct felonies, but he can not insist that he shall not be put upon trial on an indictment containing counts charging separate felonies, unless it affirmatively appears that they are not parts of one and the same transaction, but are separate and distinct, in law and in fact. It is entirely proper, and the uniform practice, to insert several counts, charging the felony in different ways, with a view

to meet the varying phases of the evidence, and the court never uses its power to quash the indictment, or puts the prosecutor to his election as to which count he will proceed under, when the court may be doubtful if the intention be not to charge the same or cognate offenses growing out of the same transaction, as, the joining of the counts for burglary and larceny, murder and manslaughter, and the like, but the court will postpone action until it is developed by the evidence that it is sought to convict the accused of two or more offenses growing out of separate and distinct transactions, before compelling the State to elect for which offense the prosecution will proceed. *McGregg* v. *State,* 4 Blackf. 101; *Mayo* v. *State,* 30 Ala. 32; Bishop on Crim. Proc. secs. 457, (note 3,) 458, 459, and cases cited. Here, for aught that appeared on the face of the indictment, the issue of the several certificates charged to have been unlawfully issued were parts of one and the same transaction, or the counts were joined simply to meet the case presented by the evidence. The defendants were therefore properly put upon trial upon these counts.

We are of the opinion that the motion to quash the seventh and eighth counts should have been sustained, and that the court erred in overruling the same. These counts are identical, except in the use of the words "false" and "fraudulent" in the description of the certificates alleged to have been issued. After the formal parts, these counts, as in the others noticed, state, substantially in the language of the statute, the making, not of a certain or particular certificate or certificates, but that the defendants, in their capacity as president and secretary, etc., with intent, etc., did, knowingly, etc., issue to said West "certain false" (fraudulent in eighth count) "certificates of ownership, to-wit, false certificates of ownership for twelve hundred and fifty shares of the capital stock of the said Chicago Times Company, organized and incorporated," etc. These are general counts, under which every issue of stock, whether there had been only two or a thousand separate and

distinct issues, might be brought under judicial investigation, and the defendants be called upon to prepare to defend, not against any one transaction, but every transaction wherein stock was issued. In fact, it appeared on the trial there were very many issues of stock of the Chicago Times Company under West's administration, many of which were issued to himself, and having no connection whatever with each other in date, amount, purpose or circumstance of their issue. West was the owner of and controlled a large portion of the stock of the Chicago Times Company, stated to equal sixty-five per cent thereof, or $650,000, at par value of such stock, and presumably had the right to issue certificates to himself therefor, fixing the number of shares in each certificate as might best suit his convenience or the convenience of the corporation of which he was president and financial manager, and for the benefit of which the stock issued in his name seems to have been largely used. It can not be said that the charge thus generally made, calling upon the defendant to defend and prepare to defend every transaction pertaining to the issue of such stock, would apprise him, with that reasonable certainty required by law, of the offense he was required to meet and defend against.

When the offense is purely statutory, having no relation to the common law,—where, in other words, the statute specifically sets out what acts shall constitute the offense,—it is, as a general rule, says Bishop, (1 Crim. Proc. 611,) "sufficient, in an indictment, to charge the defendant with acts coming fully within the statutory description, in the substantial words of the statute, without any further expansion of the matter." In *United States* v. *Simmons, supra,* the court, after quoting the rule laid down by Bishop, said: "But to this general rule there is a qualification, fundamental in the law of criminal procedure, that the accused must be apprised, by the indictment, of the nature of the accusation against him, to the end

that he may prepare his defense, and plead the judgment as a bar to any subsequent prosecution for the same offense."

Multiplication of authorities will be unnecessary, for it will be found, upon examination, in this State and elsewhere, that while the general rule is, that it is sufficient to state the substantive elements of the crime in the language of the statute creating the offense, yet in cases of felony the indictment must, either by the statutory description or by other apt averment, so identify the offense as to meet the requirements of the constitution. As we have seen, in *Morton* v. *The People, supra*, and *Loehr* v. *The People, supra*, the indictment was sustained upon the ground that it was sufficiently specific and certain, in its description of the offense, to apprise the defendant, with reasonable certainty, of the "nature and cause of the accusation against him." To hold that these counts were sufficient would be to entirely disregard the rules on criminal pleading, and nullify the constitutional provisions before quoted.

If, however, the defendants were properly put upon trial under this indictment, we are of the opinion that fatal error has intervened. The first, second and third counts of the indictment charge presumably the same offense, the language being varied only to meet the varying words of the statute— "false," "fraudulent" or "simulated" issue. The offense therein charged is the issue of four certificates, of one hundred shares each, of the capital stock of the company. The fourth and fifth counts, presumably for the same offense, with varying language, as before indicated, are for another and distinct issue of a certificate for three hundred and forty-nine shares of such capital stock. The seventh and eighth counts are presumably for the same act and offense of issuing certificates aggregating twelve hundred and fifty shares of the same capital stock, and which must have been made up, if the issues mentioned in the other counts were included, of still other issues of such stock, so that we have in this indictment at least three separate and distinct felonies charged as having

been committed by the defendants. Conceding, as may be done, that the offenses, being of the same nature, might be joined in the same indictment, unless it appeared therefrom that they were separate and distinct offenses in fact and in law, the defendants could, against their objection, be put upon trial for a single felony only. The evidence introduced by the prosecution tended, with more or less pertinency, to establish each of the three felonies charged. At the conclusion of the People's evidence the defendants moved that the People be put to their election as to which alleged felony they would proceed. The court overruled the motion, and a general verdict, finding the defendant West guilty in manner and form as charged in the indictment, was returned. Judgment was pronounced on this verdict.

. The evidence wholly fails to show that the three separate issues charged were parcels of the same act or transaction, either in time, amount or circumstances, but does show that the certificates issued, and alleged to be fraudulent, were separate and independent acts and transactions, having no necessary or natural connection with each other. The four certificates of one hundred shares each, and alleged to be fraudulent, were, the evidence shows, issued January 8, 1889; the one mentioned in the fourth and fifth counts, for three hundred and forty-nine shares, was issued April 12, 1889; and if other shares were issued, covered by the amount of issue alleged in the seventh and eighth counts, they were of a still different date. The general rule is, as we have seen, when two offenses charged form part of one transaction, and are of the same nature, the prosecutor will not be called upon to elect upon which charge he will proceed. Wharton, in his work on Criminal Practice, after stating that cognate offenses may be joined in separate counts in the same indictment, says: "Yet, as to offenses of high grade, in all States, and in some States as to all offenses, the court will not permit more than a single issue to go to the jury, and hence will require an election

on the close of the prosecution's case, except in those cases·
in which offenses are so blended that it is eminently for the·
jury to determine which count it is that the evidence fits."
Secs. 293, 294, (8th ed.) and cases cited. Such election will.
not be required when the several charges in the indictment·
relate to the same transaction, and are simply variations or
modifications of the same charge, in view of meeting the proof.
*(Bailey* v. *State,* 4 Ohio St. 442.)· This is illustrated in *Com-
monwealth* v. *Webster,* 5 Cush. 295, where the defendant was
charged with the murder of Dr. Parkman, the indictment con-
sisting of four counts. The first alleged the crime was com-
mitted by stabbing; the second by a blow with a hammer; the
third by striking, kicking, etc.; and the fourth, by some in-
strument or means to the jurors unknown. The charge was
for killing the same person,—the same act and offense,—and'
the averments in the different counts were but a variation in
alleging the manner of killing, and no election could be re-
quired. So, also, where a greater offense includes a lesser, or
the offenses are so intimately connected that they must have
been parcels of the same act, as illustrated in the cases of
burglary and larceny, murder and manslaughter, and the like.
But where, for the purpose of proving the charge made in any
single count in the indictment, evidence is introduced tending
to prove several separate and distinct offenses, "it is the duty
of the court, on motion of the defendant, before he is put on
his defense, to require the prosecutor to elect upon which
particular transaction he will rely for conviction." *State* v.
*Crimmins,* 31 Kan. 376; *McGregg* v. *State,* 4 Blackf. 101;
*Lannergan* v. *State,* 39 N. Y. 39; Bishop on Crim. Proc. sec.
457; Maxwell on Crim. Proc. 516; Roscoe on Criminal Evi-
dence, 231, 232; Archbold on Criminal Pleading, 95; *State*
·v. *Nelson,* 8 N. H. 163.

In *Mayo* v. *State,* 30 Ala. 32, after citing numerous author-
ities, it is stated: "The principle to be extracted from these
authorities is, that the court should always interpose, either

by quashing the indictment or by compelling an election,. where an attempt is made, as manifested by either the indict-- ment or the evidence, to convict the accused of two or more offenses growing out of distinct and separate transactions, but. should never interpose in either mode where the joinder is. simply designed and calculated to adapt the pleading to the. different aspects in which the evidence on the trial may present a single transaction." The same rule, in substantially the same language, has been announced by this court in *Good- hue* v. *The People,* 94 Ill. 37, where, after holding the rule in respect to misdemeanors, it is said: "But in cases of felony it is the right of the accused, if he demand it, that he be not put upon trial at the same time for more than one offense,. except in cases where the several offenses are, respectively,. parts of the same transaction." See, also, *Lyons* v. *The People,*. 68 Ill. 275.

Not only did the court err in refusing to compel the prosecution to elect, but the same error was carried into the instructions given on behalf of the People. The jury was permitted by the instructions not only to find the defendants guilty of issuing the certificates for one hundred shares each, and numbered, as the evidence shows, 32, 33, 34 and 35, but also to find them guilty of issuing the certificate for three hundred and forty-nine shares, numbered 38, and also to find them guilty for the issuing of certificates for twelve hundred and fifty shares, or any part thereof, whether they were the same as those numbered 32, 33, 34, 35 and 38, or others.

It is insisted that the defendant is guilty, and therefore there should be no interference with this judgment. We are not called upon to express any opinion upon this subject. It might, however, be said, that the facts submitted in respect. of any one of these transactions might properly be left to the determination of a jury. If they believed one set of facts it would be their duty to convict, and if they gave credence to the testimony on the other side, they might well acquit; but.

in any event the forms of law may not be disregarded. The defendant was entitled to a fair and impartial trial under the law of the land.

For the errors indicated the judgment is reversed and the cause remanded for further proceedings.

*Judgment reversed.*

MAGRUDER, J.: I concur in the conclusion reached by this opinion. It has seemed to me to be doubtful whether the charge made in the indictment is sustained by the evidence. The indictment charges that the false certificates of stock were issued *"with intent to defraud * * * The Chicago Times Company,"* whereas there is much of the evidence which tends to show that the stock was issued for the purpose of raising money to aid and help the Times Company, and prevent its failure.