THE CITY OF LINCOLN CENTER v. CHARLES LINKER.
No. 244.

1. CRIMINAL PLEADING — *name of person purchasing liquor need not be in complaint.* In a complaint charging the violation of a city ordinance by an unlawful sale of intoxicating, or other liquors, it is not necessary to allege the name of the person or persons to whom such sale was made.

2. —————— *evidence must conform to allegation.* When a complaint charges the unlawful sale of a beverage called "American Hop Ale," the defendant cannot be convicted on proof of an unlawful sale of a different beverage, though of a similar kind.

Appeal from Lincoln District Court. Hon. W. G. Eastland, Judge. Opinion filed December 5, 1896. *Reversed.*

*George D. Abel,* and *David Ritchie,* for appellant.
*F. H. Dunham,* for appellee.

GARVER, J.   The appellant, Charles Linker, was prosecuted in the Police Court of Lincoln Center on a complaint filed therein charging him with certain violations of ordinances number 113 and number 139, relating to the sale of intoxicating liquors and other drinks.   On an appeal taken by him to the District Court, he was therein convicted on the sixth count of the complaint, which charged him with the offense, under ordinance number 139, of selling a certain drink designated as "American Hop Ale" in a less quantity than one gallon.   Said ordinance number 139, the validity of which has been sustained by the Supreme Court in *In re Jahn, Petitioner* (55 Kan. 694), provided :

" That it shall be unlawful for any person or persons in this city to barter, sell or give away any malt, hop tea tonic, ginger ale, cider, or any other drink of like nature no matter by what name it may be called, in less quantities than one gallon, or permit or allow the same to be drunk at any stand, store or other place of sale."

Ordinance number 113 prohibited the unlawful sale of intoxicating liquors, while ordinance number 139 was aimed at certain sales of non-intoxicating drinks.

The first ruling of the court complained of is its refusal to sustain the appellant's motion to quash the complaint.   In this no error was committed.   The motion is general as to the whole complaint, which embraces seven separate counts.   Hence, if any count was not open to the objection made, the motion was properly overruled.   As against this motion, we think an offense was sufficiently charged in the sixth count.

244    CITY OF LINCOLN CENTER v. LINKER.

N. Dept.              Opinion.   Garver, J.              5 Kan. App.

The special contention of counsel for the appellant is, that the complaint is insufficient because it fails to state to whom the unlawful sale was made.   This we think was unnecessary.   Although the decisions of the courts on this question are very far from uniform, yet, we think the better reason and authority sustain the proposition that in this class of cases it is unnecessary to state to whom the unlawful sale was made.

1. Name of purchaser not necessary.

"The offense complained of worked no injury upon the individual rights of the person to whom the sale was made, and none was supposed to have been violated; and, hence, the designation of such person by name is in no way material to constitute the offense." *The State v. Schweiter*, 27 Kan. 499, 512.   See also, *The State v. Becker*, 20 Iowa, 438 ; *Cannady v. The People*, 17 Ill. 158 ; *Myers v. The People*, 67 id. 503 ; *State v. Jaques*, 68 Mo. 260 ; *State v. Bielby*, 21 Wis. 204 ; *State v. Munger*, 15 Vt. 290 ; *Riley v. State*, 43 Miss. 397 ; *People v. Adams*, 17 Wend. 475 ; *State v. Parnell*, 16 Ark. 506 ; *State v. Heldt*, 41 Tex. 220.

Error is also assigned upon the instructions of the court.   For a conviction under the sixth count of the complaint, the city elected to rely upon a sale made to one A. J. Harland.   The court instructed the jury that they should find the defendant guilty on this count if they believed from the evidence that he sold to A. J. Harland any liquor to be used as a beverage in quantity less than one gallon, and that said liquor was of a like nature to beer, malt, hop tea, hop tea tonic, ginger ale or cider.   It is claimed by counsel for the City that the court mentioned "beer" in this instruction by inadvertence, and that it could not have influenced the verdict of the jury against the defendant.   In another portion of the instructions, we find the same improper designation of "beer" as one of the drinks

CITY OF LINCOLN CENTER V. LINKER.     245

Dec. 5, 1896.          Opinion.    Garver, J.          C. Div.

covered by this count of the complaint. There is nothing in the instructions to suggest to the jury that the word "beer" was inadvertently used and should not be considered by them. We think the instruction was clearly misleading. It is elementary, that a defendant must be tried upon the identical charge which is preferred against him. He cannot be charged with doing one thing and be found guilty of doing another, even though a similar thing. Here the defendant was charged with selling a certain definitely named drink, called "American Hop Ale," alleged to be of a like nature with malt, hop tea tonic, ginger ale and cider, and therefore prohibited by the ordinance. Such a charge cannot be sustained by proving the sale of something else. The City, having seen proper to thus limit the charge, the court could not enlarge it, as was attempted by the instruction complained of. Even had the word "beer" not been used, the instruction would be open to objection, for the reason that it did not limit the inquiry of the jury to the unlawful sale of a drink known as "American Hop Ale." That the complaint may have alleged the offense with unnecessary particularity, and thus have narrowed the inquiry before the jury, is not a matter for this court to consider.

2. Proof must conform to allegation.

The judgment will be reversed, and the case remanded for a new trial.