## WILL YOATHER v. STATE.

No. A-249.    Opinion Filed February 6, 1911.

(113 Pac. 234.)

INTOXICATING LIQUORS—Illegal Disposal—Evidence—Instructions.

(a) On the trial of an indictment which charges the sale or giving away of a specific kind of liquor by name, not accompanied by general descriptive terms, the sale must be proved as alleged.

(b) An instruction by the court to the effect that a person charged with the sale or giving away of whisky is guilty, when the proof shows the sale or giving away to have been alcohol, is erroneous. For correct instruction, see opinion.

(Syllabus by the Court.)

*Appeal from Stephens County Court; W. H. Admire, Judge.*

Will Yoather was convicted for giving away whisky, and appeals. Reversed and remanded.

*Gilbert & Bond,* for appellant.—Citing: *City of Lincoln Center v. Linker,* 5 Kan. App. 242; *Lemly v. State* (Miss.) 20 L. R. A. 645; *State v. Martin,* 34 Ark. 340; *Kirk v. Territory,* 10 Okla. 46.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, JUDGE. Will Yoather was convicted in the county court of Stephens county on the 8th day of May, 1909, on a charge of giving away whisky, and was sentenced by the court to pay a fine of $50, and be confined in the county jail 30 days, and pay the costs of the prosecution. He prayed an appeal, which was duly perfected, and this cause is here regularly.

The information in this case charges that "the said Will Yoather then and there being did then and there give to one Roy Vaught three drinks of whisky, the said Roy Vaught being then and there a minor of the age of fifteen years," etc. The proof shows the prosecuting witness received alcohol, instead of whisky; there being a conflict as to whether the appellant gave it to him or whether he secured it himself. There are a number of assign-

ments of error, but this is the only one that it is necessary for us to consider, and it is raised in the appellant's ninth assignment.

·The general rule is, as laid down by Cyc., that if an indictment charges the sale of a specific kind of liquor by name, and not accompanied by general descriptive terms, it must be proved as alleged. 6 Cyc. 264, and authorities cited thereunder. The information in this case might have just as easily charged the offense in language to have justified this proof; but the pleader, having chosen to narrow the inquiry down to whisky, is bound thereby. The Court of Appeals of Kansas, in discussing this proposition, says:

"It is elementary that a defendant must be tried upon the identical charge which is preferred against him. He cannot be charged with doing one thing, and be found guilty of doing another, even though a similar thing. Here the defendant was charged with selling a certain definitely named drink, called 'American Hop Ale,' alleged to be of a like nature with malt, hop tea tonic, ginger ale, and cider, and therefore prohibited by the ordinance. Such a charge cannot be sustained by proving .the sale of something else. The city having seen proper to thus limit the charge, the court could not enlarge it, as was attempted by the instruction complained of. * * * That the complaint may have alleged the offense with unnecessary particularity, and thus have narrowed the inquiry before the jury, is not a matter for this court to consider." (*City of Lincoln Center v. Linker*, 5 Kan. App. 242, 47 Pac. 174.)

We think that the instruction of the court on this point, wherein it attempted to enlarge the scope of the investigation by defining the term "whisky" as follows: "By the term 'whisky,' is meant a spirituous, distilled, or intoxicating liquor within the meaning of the statute regulating the liquor traffic; * * * and if you find from the testimony in this case beyond a reasonable doubt that the whisky alleged in the information comes within the meaning of one or all of the terms here defined to you," etc., is erroneous. The instruction should have given the law as applicable to the proof.

We think the following instruction, as requested by the appellant, would have properly covered the case:

"You are instructed, under the information in this case, the

defendant is charged with the giving away of whisky, and before you are warranted in convicting the defendant it will be necessary that the state prove to you by legal and competent evidence beyond a reasonable doubt that the beverage so given to Roy Vaught was whisky, if you should find that it was given at all."

In the case of *Kirk v. Territory,* 10 Okla. 46, 60 Pac. 797, the court says:

"In charging the jury, due regard must be had to the state of the case, and the character and amount of proof, and the law as stated to the jury must be applicable to the pleadings and testimony."

In the case before us it is very clear that this rule was not observed.

For the errors indicated, the case will be reversed and remanded, with directions to the court below to grant the appellant a new trial.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.