## ANDREW HENDERSON v. STATE.

No. A-6019.   Opinion Filed Oct. 29, 1927.
(260 Pac. 518.)

Wieck & Armstrong, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Kay county on a charge of transporting whisky, and was sentenced to pay a fine of $50 and to serve a term of 60 days in the county jail.

An officer testified that he saw defendant enter the K-Y rooming house with a package in each pocket.   He followed him into the house, where defendant broke the bottles on the floor of the hallway. He arrested defendant and later returned with two other officers, at which time a woman was sweeping up the glass and remains of the broken bottles.   The officers further testified the contents of the bottle on the floor looked and tasted like whisky, but none testified that it was in fact whisky. This was the only evidence offered by the state.   Defendant testified that he was at the room of a Mrs. Jones, and a Miss Todd was also there, and they asked him to go across the street and buy some near-beer, which he did, and with which he was returning when accosted by the

officer. These two women corroborated him. The evidence is weak, but probably sufficient.

The information charges the transporting of corn whisky. Over the exception of defendant the court instructed the jury that, if they believed defendant conveyed any spirituous, vinous, fermented, or malt liquors, or any imitation thereof, substitute therefor, they should find the defendant guilty. This is a variance from the offense charged. A charge of conveying whisky is not supported by proof of conveying malt liquor or an imitation thereof or substitute therefor. The jury may have believed defendant purchased "near-beer" as was testified to and may have believed this "near-beer" was a substitute for malt liquor. Where an information charges the conveyance of a particular kind of intoxicating liquor, the conveyance must be proven as alleged. It is error in such case for the instructions to permit a conviction by proof of the conveyance of some different kind of liquor. In 23 Cyc. 264, it is said:

"* * * If the indictment charges the sale of a specific kind of liquor by name, not accompanied by general descriptive terms, it must be proved as alleged. * * * [Citing authorities.]"

See, also, Yoather v. State, 5 Okla. Cr. 46, 113 P. 234; Smith v. State, 7 Okla. Cr. 4, 120 P. 1031; Moss v. State, 4 Okla. Cr. 247, 111 P. 950.

Where it is uncertain as to the particular kind of intoxicating liquor that the evidence may disclose, it is proper to charge the different intoxicating liquors in the conjunctive; but, where it is specifically charged as whisky, as in this case, proof of some other kind of liquor constitutes a variance.

The case is reversed and remanded.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.