The opinion of the court was delivered by
Brewer, J.:
Nearly all the questions in this case have been considered and decided in the case between the same parties, in which the opinion has just been filed, ante, p. 622. One question arises here, which requires notice. This prosecution was commenced about a year before that just decided. At that time there was no ordinance licensing, but one prohibiting, tippling shops. The first two sections of said ordinance are as follows:
“Sec. 1. All tippling shops, and the keeping thereof; are hereby prohibited within the corporate limits of the city of Emporia, Lyon county, Kansas.
“Sec. 2. Whoever shall keep a tippling shop within the corporate limits of the said city of Emporia, shall,.on conviction thereofj be fined in any sum not exceeding one hundred dollars.”
Under this ordinance this prosecution was had, and it is claimed by counsel for defendant that the ordinance .is void because it conflicts with the dramshop act. That authorizes the selling of liquor; this prohibits it. This ordinance is within the very letter of the authority granted by § 49 of the act incorporating cities of the second class. It reads: “The city council shall have power to enact ordinances to restrain, prohibit, and suppress tippling shops,” etc. (Laws, 1872, p. 206, § 49.) As this law was passed subsequently to the dramshop act, if there were a conflict, it would be upheld as the last *635 expression of the legislative will. But we do not think there is .any conflict. Under the dramshop act the city council might grant licenses. Under this section they might grant or refuse.
We see no error in the proceedings, and the judgment will be affirmed. It may perhaps be proper to say that no question as to the validity of the third and fourth sections of the ordinance is before us,* as the city, in the district court, took only a judgment imposing a fine.
All the Justices concurring.

[* The sections mentioned are as follows:
“Sec. 3. Upon the trial and conviction of any person for keeping a tippling shop in said city, the police judge thereof shall in his findings describe the room, building or other place so kept, with reasonable certainty, and shall adjudge the same to be a tippling shop, which finding and adjudication shall be entered on his docket; and unless such judgment be appealed from, the said police judge shall at the expiration of ten days issue under his official hand an order to the city marshal forthwith to take and seize such tippling shop, to eject therefrom any and all persons, and take the care, custody, possession and absolute control of such tippling shop, and all liquors therein, and the bottles, casks, or other vessels containing said liquors, and said city marshal shall retain possession and control thereof, unless the owner of said building, or the keeper of such tippling shop, shall within twenty-four hours after such seizure execute to the city of Emporia a bond in the sum of one thousand dollars, with sureties, to be approved by the mayor, conditioned that said building shall not thereafter for the space of twelve months be used as a tippling shop.
“Sec. 4. In case the bond montioned in the thiyd section of this ordinance be not given, the city marshal shall destroy all intoxicating liquors by him seized in such tippling shop.”