NEWMAN vs. THE STATE OF GEORGIA.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a. court of impeachment, did not sit in this case.]

An indictment founded upon a statute which declares that "no person shall permit any person or persons in his employ to sell or furnish to any minor, spirituous, or intoxicating, or malt liquors of any kind, without first obtaining written authority from the parent or guardian of such minor," is not sufficient in the matter of alleging want of authority, where it negatives authority from the mother only, and does not aver that the mother was the sole parent, or that the father was dead, or that there was no guardian. 13 *Ga.*, 438, 439. This being so, an indictment charging that the accused unlawfully "did permit persons in his employ, to the jurors unknown, to sell to one C. B. Loyd, a minor son of Mary E. Loyd, a quantity of spirituous liquors, to-wit, one half gill, without first obtaining the authority of the said Mary E. Loyd, the mother of said C. B. Loyd, contrary to the laws," etc., is bad on general demurrer, and should be quashed.

Criminal law.   Indictment.   Before Judge CRAWFORD. Muscogee Superior Court.   May Term, 1879.

Reported in the opinion.

THORNTON & GRIMES ; J. M. SMITH ; W. A. LITTLE, for plaintiff in error.

H. BUSSEY, solicitor-general, by JOHN PEABODY, for the state.

BLECKLEY, Justice.

The special presentment charged Newman, the plaintiff in error, with a misdemeanor, and proceeded to allege that on March the 20th, 1879, in Muscogee county, he unlawfully "did permit persons in his employ, to the jurors unknown, to sell to one C. B. Loyd, a minor son of Mary E. Loyd, a quantity of spirituous liquors, to-wit, one-half gill, without first obtaining the authority of the said Mary E. Loyd, the mother of the said C. B. Loyd, contrary to the laws," etc.   Before plea, the prisoner demurred, on the ground "that no offense or violation of the laws of this

state was charged and set out in said special presentment;" which demurrer the court overruled. This is the first error assigned; and as we think the demurrer ought to have been sustained, it is unnecessary to recite the subsequent proceedings.

The language of the statute on which the indictment rests is quoted in the head-note. The offense consists in permitting the selling or furnishing to a minor without first obtaining written authority from a "parent or guardian." It is not alleged that this minor had no father or guardian, nor that written authority was wanting, except that of the mother. Now, the rule as to the sufficiency of an indictment is this: if all the facts which the indictment charges can be admitted, and still the accused be innocent, the indictment is bad; but if, taking the facts alleged as premises, the guilt of the accused follows as a legal conclusion, the indictment is good. The rule is sound and sensible, and ought to be recognized and accepted by all courts. Tried by this rule, this indictment fails and must fall. There is certainly no presumption that a minor has no father, and to allege him to be the son of his mother involves no implication that his father is dead. He is equally the son of his mother whether his father be living or dead. Again, it is not unusual for a minor whose father is deceased and whose mother survives, to have a guardian, and frequently the guardian is some person other than the mother. And, under the statute, the written consent of a guardian is as good as that of a parent. It is plain that, consistently with the indictment, there are two chances for the accused to be innocent: first, he may have had the written consent of the minor's father, and, secondly, he may have had that of the minor's guardian. What could be worse logic than the following: Newman could not lawfully permit the selling of spirituous liquors to Loyd without first obtaining the written consent of his parent or guardian; he did not obtain the written consent of his mother therefore he did not have the requisite authority.

Judgment reversed.