Monroe v. City of Lawrence.

---

# WILLIAM MONROE v. THE CITY OF LAWRENCE.

1. CIDER—*Valid Ordinance Regulating Sale.* A city ordinance regulating the sale of cider which is not intoxicating by prohibiting its sale in less quantities than a gallon, and forbidding the drinking of the same at the place of sale, violates no private right and does not unreasonably restrain trade; and the legislative power given to city councils "to enact and make all such ordinances, by-laws, rules and regulations, not inconsistent with the laws of the state, as may be expedient for maintaining the peace, good government and welfare of the city and its trade and commerce," is sufficient authority for the enactment of such an ordinance.

2. IMPROPER INSTRUCTION—*Immaterial Error.* An instruction authorizing the jury to convict the defendant for a sale made at any time within two years prior to the beginning of the prosecution, when the ordinance had been in force only about six months prior to that time, was improper; but as the only evidence given against the defendant was of a sale made subsequent to the passage of the ordinance, the error was immaterial.

44  607
53  681
44  607
f55  696
44  607
f61  12
44  607
68  790
44  607
f82  763

3. COMPLAINT — *Verification* — *Objection* — *Waiver.* The objection made upon appeal in the district court, that the complaint was verified only upon information and belief, was waived by the conduct of the defendant, who pleaded "not guilty" and went to trial in the police court without objection to the complaint or warrant.

*Appeal from Douglas District Court.*

PROSECUTION for selling cider in less quantities than one gallon, contrary to an ordinance of the city of Lawrence. From a conviction at the May term, 1890, the defendant *Monroe* appeals. The material facts appear in the opinion.

*S. C. Russell,* for appellant.

*W. C. Spangler,* for appellee.

The opinion of the court was delivered by

JOHNSTON, J.: William Monroe was convicted in the police court of the city of Lawrence for selling cider in less quantities than one gallon, contrary to an ordinance of the city. He appealed to the district court, where another trial and conviction followed. The judgment of the court was that he pay a fine of $50 and the costs of the prosecution, from which judgment he appeals to this court, and insists that the ordinance under which he was prosecuted and convicted is invalid. It provides that —

"No person in this city shall barter, sell or give away cider in less quantities than one gallon, or permit or allow the same to be drank at any store, stand, or other place of sale. Any person violating any of the provisions of this ordinance shall be deemed guilty of a misdemeanor, and fined in any sum not less than $10 nor greater than $100."

The appellant contends that cider is a harmless and wholesome drink, and that the restriction upon its sale is unreasonable, an unlawful restraint of trade, in contravention of a common right, and is, therefore, unconstitutional. The ordinance was manifestly not enacted in pursuance of the prohibitory law, nor for the regulation of the sale of intoxicating liquors. The ordinance inferentially permits the sale of cider

in quantities of a gallon or more, and the penalty for its violation may be $10, without imprisonment. These provisions are not consonant with the law prohibiting and punishing the unlawful sale of intoxicating liquors, and hence we must infer that the ordinance was passed for the purpose of controlling the sale and disposition of cider that was not intoxicating. It will be observed that the ordinance regulates rather than prohibits the sale of cider, and the legislative power to regulate the sale of an article or liquid which in some stages is harmless and in others hurtful is no longer open to question. The juice of apples quickly changes from fresh to hard cider, and hard cider is presumptively not only a fermented but an intoxicating liquor. (*The State v. Schaefer*, ante, p. 90; same case, 24 Pac. Rep. 92.) It is difficult to show when the change occurs, and when it reaches such a stage as will produce intoxication. It may have been thought that the drinking of cider might foster a taste for strong liquors, and that if the unrestricted sale of cider by the glass was permitted, the officers might be easily deceived as to the character of the drinks sold, and that a tippling-shop might be carried on under the guise of a place to sell cider. In the interest of the health of the people, and the peace and good order of the community, it was deemed wise to regulate the traffic. To sell it by the glass, and allow it to be drank upon the premises where sold, was deemed to be subversive of good order, and dangerous to the health and morals of the people, and hence the city imposed a regulation that it should not be sold in less quantities than one gallon, and should not be drank at the place of sale. Such a regulation violates no private right, and does not unreasonably or improperly restrain trade. (*Powell v. Commonwealth*, 127 U. S. 678; *Stokes v. City of New York*, 14 Wend. 88; *Mobile v. Yuille*, 3 Ala. 137; *The State v. Campbell*, 13 Atl. Rep. 585, and note.)

The principal contention however is, that the power to regulate the sale was not conferred on the city council. There is no provision of statute directly authorizing the enactment of such an ordinance, but the legislature, after conferring

39 — 44 KAS.

power to pass ordinances for certain specific purposes, authorizes city councils "to enact and make all such ordinances, bylaws, rules and regulations, not inconsistent with the laws of the state, as may be expedient for maintaining the peace, good government and welfare of the city and its trade and commerce." (Gen. Stat. of 1889, ¶824.) The same section of the statute provides that the ordinances passed in pursuance of this authority shall be enforced by suitable penalties, there prescribed. The ordinance under consideration is not repugnant to the constitution or laws of the state; and, as we have seen, the regulation of the same is neither unreasonable nor unjust. Every statute of the state shows the solicitude of the law to protect the health and morals of the people, and preserve the peace and good order of the communities, and it is manifest that the legislature intended that ample authority should be conferred either by express grant or by virtue of the general powers to carry out this purpose. Instead of specifically defining every regulation which might be necessary to the health, safety, peace and convenience of the public, the legislature enacted the general-welfare clause; and it seems to us that it furnishes sufficient authority for the council to pass an ordinance so clearly in the interest of peace, good order and health as the one in question. The general-welfare clause has been held to confer power upon the city council to prohibit the keeping open of stores, shops, and other places of business on Sunday. (*City of St. Louis v. Cafferata*, 24 Mo. 94.) Under the same general power an ordinance to prevent the keeping of a bawdy-house was held to be valid. (*The State v. Williams*, 11 S. C. 288.) Under a similar power it was held that the council might by ordinance prohibit saloons, restaurants and other places of public entertainment to be kept open after 10 o'clock at night. (*The State v. Freeman*, 38 N. H. 426.) The establishment of a by-law imposing a penalty for mutilating any ornamental tree planted in any of the streets or public places of the city was held to be within the authority authorizing the passage of such ordinances as "shall be needful to the good order of the city." (*The State v. Merrill*, 37 Me.

329.) It has been held that an incorporated city having the power to make regulations which may be necessary or expedient for the promotion of health or the suppression of disease, has the right to require sellers of meats to take out a license (*Kinsley v. City of Chicago*, 124 Ill. 359); and it has also been held under the general-welfare clause that a municipality might fix the time or places of holding public markets for the sale of food. (*Wartman v. City of Philadelphia*, 33 Pa. St. 202.) See also upon the same subject, *Williams v. Augusta*, 4 Ga. 509; *Matter of Yickwo*, 68 Cal. 294; *St. Louis v. Schoenbusch*, 95 Mo. 618; *Mayor v. Williams*, 15 N. Y. 502; *The State v. Welch*, 36 Conn. 215; *Commonwealth v. McCafferty*, 14 N. E. Rep. 453; *Commonwealth v. Davis*, 4 id. 577; Dill. Mun. Corp., 4th ed., §§ 396–407.)

Both of the objections to the validity of the ordinance must be overruled.

It is next insisted that the court erred in charging the jury that "in order to find the defendant guilty, you must be satisfied from the evidence beyond reasonable doubt that in the city of Lawrence, about the time charged, and within two years next before the 22d day of February, 1890, the defendant sold cider to witness Babbitt in less quantities than a gallon, to wit, by the glass." The complaint was made on the 22d day of February, 1890, charging that the sale was made on the previous day; but it appears that the ordinance alleged to have been violated was not enacted until June 8, 1889, and hence the direction of the court permitting a conviction for a sale to Babbitt prior to that time was improper. This inadvertent statement of the court, however, could not have prejudiced the appellant. The only evidence of a sale was that given by Babbitt, who stated that he purchased cider from Monroe within a week prior to the 21st day of February, 1890, and that he came to the city of Lawrence about the first of January, 1890. The error was therefore immaterial, and furnishes no ground for a reversal.

It is finally urged that as the complaint was verified only upon information and belief, it was insufficient to authorize

the issuance of a warrant. This objection was not made until the case had reached the district court. The defendant was arrested and taken before the police court, where he entered a plea of "Not guilty," which was followed by a trial and conviction, and no objection upon this ground was made until after the appeal had been taken. Even if it were true that the complaint was verified only upon information and belief, the defendant has waived that defect by the course he has taken. (*The State v. Allison*, ante, p. 423.)

The judgment of the district court will be affirmed.

All the Justices concurring.