*In the matter of the Petition of* JOHN Z. JAHN *for a Writ of Habeas Corpus.*

1. HOP-TEA TONIC, ETC., *City Ordinance Regulating Sale, Valid.* An ordinance of a city of the third class regulating the sale of "malt, hop-tea tonic, ginger ale, cider or other drink of like nature" by prohibiting the sale thereof in less quantities than one gallon, and forbidding the drinking of the same at the place of sale is a valid police regulation. (Following *Monroe v. City of Lawrence,* 44 Kas. 607.)

2. INTOXICATING LIQUORS—*Ordinance Prohibiting Unlawful Sale.* An ordinance of a city of the third class prohibiting the unlawful sale of intoxicating liquors, and the keeping of any place for carrying on sales of the same is valid, notwithstanding the penal laws of the state cover the same subject.

3. RIGHT OF APPEAL—*Unreasonable Restriction—Trial by Jury.*
A prosecution in the police court under an ordinance prohibiting
the unlawful sale of intoxicating liquors and the keeping of any
place for conducting sales of the same is criminal in its nature,
and that clause of ¶ 1010, General Statutes of 1889, requiring the
recognizance on an appeal in such case to be conditioned "for the
payment of such fine and costs as shall be imposed" on the ap-
pellant if the case shall be determined against him, is an unrea-
sonable restriction on the right of appeal, and in conflict with the
constitutional guaranty that "the right of trial by jury shall be
inviolate."

4. BAIL—*Habeas Corpus.* The inability of a person charged with
an offense to give bail by reason of poverty is no ground for his
discharge on *habeas corpus.*

*Original Proceeding in Habeas Corpus.*

PETITION of *John Z. Jahn* for his release from im-
prisonment. The material facts appear in the opin-
ion herein, filed at the session of the court in October,
1895.

*David Ritchie,* and *George D. Abel,* for petitioner.

*G. M. Weeks,* city attorney, for respondent; *C. B.
Daughters,* of counsel.

The opinion of the court was delivered by

MARTIN, C. J.: The petitioner was convicted in
the police court of the city of Lincoln Centre upon
three counts for violation of ordinance No. 139, and
upon two counts for violation of ordinance No. 113 of
said city, which is of the third class. Ordinance No.
139 makes it unlawful for any person to barter, sell or
give away any malt, hop-tea tonic, ginger ale, cider
or other drink of like nature in less quantities than
one gallon, or to permit or allow the same to be drank
at any store or other place of sale. Ordinance No.
113 declares it unlawful for any person, other than a
druggist having a permit, to sell or barter any intoxi-

cating liquors.   The petitioner denied the right of the court to try him under either ordinance, claiming that both are invalid, but this contention was overruled. He next demanded a trial by jury, but this was refused.   He was then tried by the court, and found guilty upon each count, and was adjudged to pay fines amounting to $200, besides $95.40 costs, and he was committed to jail until the fine and costs should be paid.   The court fixed the appeal bond at $500. Afterwards the petitioner made a showing to the court of his inability to give an appeal bond, and he asked to be discharged from imprisonment, but this was refused.

I.   The petititioner claims that said ordinance No. 139 is void ; but in *Monroe v. City of Lawrence*, 44 Kas. 607, this court decided that an ordinance of the city of Lawrence of the same general nature was valid.   The reasoning in that case is applicable here, and we consider it controlling.

II.   The petitioner further contends that said ordinance No. 113 is invalid on the ground that the sale of intoxicating liquors is regulated by the laws of the state, and any unlawful sale thereof, or the keeping of any place for carrying on such sales, is punishable under said laws and not under city ordinances covering the same subject.   If this question were new, we might think the position of counsel for petitioner a strong one, but under the old dram-shop act, as well as the prohibitory amendment and the laws made in pursuance thereof, it has been held that the state may confer upon municipalities the right to punish, in pursuance of their ordinances, illegal sales of intoxicating liquors or the keeping of any place for conducting such business within their limits. ( *City of Emporia v. Volmer*, 12 Kas. 633 ; *City of Salina v. Seitz*,

16 id. 143 ; *The State v. Young*, 17 id. 414 ; *Franklin v Westfall*, 27 id. 614 ; *City of Topeka v. Myers*, 34 id. 500 ; *Junction City v. Keeffe*, 40 id. 275, 279, 280.) And many decisions in other states are in accord with the foregoing. Tested by these authorities, we think that ordinance No. 113 is valid.

III. The next claim of the petitioner is that he was entitled to a jury in the police court, especially upon the charges under ordinance No. 113, for unlawfully selling intoxicating liquors and keeping a place where such liquors were unlawfully sold. A distinction has always been taken between offenses against mere municipal regulations and those which are made penal by the laws of the state because of their supposed evil consequences to society ; the courts holding that the former might be punished summarily by proceedings in the municipal court, while as to the latter the defendant is entitled to a trial by jury. In *Neitzel v. City of Concordia*, 14 Kas. 446, this court held that a prosecution in the police court for selling liquor without a license contrary to the ordinance of the city was criminal in its nature, and after a trial on appeal by the district court could only be brought here by appeal. The complaint against the petitioner for the sale of intoxicating liquors must, we think, be treated as criminal in its character, and under § 5 of the bill of rights, declaring that "the right of trial by jury shall be inviolate," he is entitled to a trial by jury. But it was long ago settled by this court that, where a statute authorizes a trial before a municipal court without a jury for a violation of a city ordinance, and at the same time secures to the defendant an appeal therefrom, clogged by no unreasonable restrictions, to an appellate court in which he has a right to a trial by jury, such summary proceeding is not in conflict

with said § 5 of the bill of rights. (*City of Emporia v. Volmer*, 12 Kas. 622; *In re Rolfs*, 30 id. 758.) And this position has been established by other courts, although the supreme court of the United States takes a different view of the subject under a somewhat similar provision of the federal constitution. (1 Dill. Mun. Corp. [4th ed.], § 439 [original § 367], and cases cited.) The petitioner claims, however, that he is not allowed an appeal "clogged by no unreasonable restrictions," because, under ¶ 1010, General Statutes of 1889, he cannot appeal without entering into recognizance with good and sufficient surety conditioned for his personal appearance before the district court on the first day of the next term, "and for the payment of such fine and costs as shall be imposed on him if the case shall be determined against the appellant."

In *McInerney v. City of Denver*, 17 Colo. 302, it was held that such a provision as the foregoing, coupled with a further condition that the defendant must pay all costs accrued in the police court before the appeal should be perfected, constituted unreasonable restrictions upon the right of appeal; and we think it unreasonable to impose the condition for the payment of the fine and costs if the case should be determined against the appellant, and that the recognizance should provide for nothing more than the appearance of the appellant before the district court of the county on the first day of the next term thereof, which, of course, implies that he will remain until his case is called and disposed of. Almost any man can obtain security for his appearance in a case where he is charged only with a misdemeanor, but it is very different when a neighbor is asked to become security for the payment of a fine, even upon a contingency, after it has been once imposed. We think that the

provision in said ¶ 1010 for the payment of such fine and costs as shall be imposed is inconsistent with the constitutional guaranty that the right of trial by jury shall be inviolate, and, therefore, we hold this clause of said paragraph to be inoperative and void. If the petitioner had tendered a recognizance, with good and sufficient surety for his appearance, we think it would have been the duty of the police judge to have accepted and approved the same.

IV. The petitioner claims that he was unable to give any security by reason of his poverty, and urges that he should be discharged for this reason, but he does not cite any authority in support of this proposition, and we know of none. Such a doctrine is too dangerous to be entertained.

The order of the court is that the petitioner be remanded to the custody of the respondent, but on entering into recognizance in the sum of $500 within 10 days, with good and sufficient security to be approved by the police judge, conditioned for the personal appearance of the appellant before the district court of the county on the first day of the next term thereof, he will be discharged from imprisonment.

All the Justices concurring.