THE CITY OF FONTANA v. ED. GRANT.

No. 402.

ORDINANCE OF CITY—*examined and held void.* An ordinance of a city of the third class which provides as follows: "An ordinance prohibiting the sale of hop tea and other liquors containing alcohol in insufficient quantities to intoxicate and commonly used as a beverage. Section 1. It shall be unlawful for any person, within the corporate limits of the City of Fontana, Kan., to sell or barter hop tea, hop tonic, hop tea tonic, or any other liquor containing alcohol in insufficient quantities to intoxicate and commonly used as a beverage," is unauthorized and void, and a conviction under it cannot be sustained.

Appeal from Miami District Court. Hon. John T. Burris, Judge. Opinion filed September 20, 1897. *Reversed.*

Appellant was convicted in the police court of the City of Fontana, and on appeal in the District Court, of selling two glasses of hop tea contrary to the provisions of the following ordinance of the City of Fontana :

"ORDINANCE No. 33.— An ordinance prohibiting the sale of hop tea and other liquors containing alcohol in insufficient quantities to intoxicate and commonly used as a beverage.

"Be it ordained by the mayor and councilmen of the City of Fontana :

"Section 1. It shall be unlawful for any person, within the corporate limits of the city of Fontana,

Kan., to sell or barter hop tea, hop tonic, hop tea tonic, or any other liquors containing alcohol in insufficient quantities to intoxicate and commonly used as a beverage.

" Sec. 2.  Any person violating any of the provisions of this ordinance shall, upon conviction thereof, be fined in any sum not less than twenty-five dollars nor more than a hundred dollars, and costs of suit.

" Sec. 3.  This ordinance shall take effect and be in force on and after its publication in the *Miami Republican*."

In the District Court the case was tried before the court, a jury having been waived, and its judgment was based upon the following agreed statement of facts, which constituted all the evidence in the case :

"1.  That the City of Fontana is now, and has been for many years, a city of the third class, existing under and by virtue of the laws of the State of Kansas.

" 2.  That on or before the sixth day of May, 1895, said City of Fontana, by its mayor and councilmen, passed ordinance number 33 of said City, which said ordinance was signed by the mayor of said City, legally published in the *Miami Republican*, a weekly newspaper, on the tenth day of May, 1895, and recorded by the city clerk in the book of ordinances of said City at page 44, and is now in full force and effect— a true copy of said ordinance being hereto attached, marked ' exhibit A' and made a part hereof.  Provided, however, that nothing herein shall be construed as admitting the validity of said ordinance.

" 3.  That in said City of Fontana, Kan., on or about the fifth day of May, 1896, defendant, Ed. Grant, for a valuable consideration in money, sold and delivered to one Jack Henness two glasses of hop tea.

" 4.  That the complaint filed herein is based solely on said sale and said ordinance number 33.

".5.  Said sale above referred to was known to the person filing said complaint at the time the same was filed.

464          CITY OF FONTANA v. GRANT.

S. Dept.                    Opinion.   Milton, J.              6 Kan. App.

" 6. It is agreed by the parties hereto that the hop tea sold as herein stated is a malt liquor containing about two per cent. of alcohol, and is not an intoxicating liquor."

*Alpheus Lane*, for appellee.

*W. H. Browne*, for appellant.

MILTON, J.   Defendant relied in the court below, and relies here, upon the claim that the ordinance was unconstitutional and void.   He argues that while the mayor and council of the City might regulate, they had no power to prohibit, such sales.   The ordinance certainly was not enacted in pursuance of the provisions of the Prohibitory Law.   If authority is anywhere to be found for its enactment, it must be under paragraph 824 of the General Statutes of 1889, part of which reads : "And they shall also have power to enact and make all such ordinances, by-laws, rules and regulations not inconsistent with the laws of the State as may be expedient for maintaining the peace, good government, and welfare of the city and its trade and commerce."

In the case of *Monroe v. City of Lawrence* ( 44 Kan. 607 ), the ordinance made it unlawful to sell, barter or give away cider 'in less quantities than one gallon, or to permit the same to be drank at the place of sale. The court, after remarking that this ordinance " was manifestly not enacted in pursuance of the Prohibitory Law, nor for the regulation of the sale of intoxicating liquors," says :

" It will be observed that the ordinance regulates rather than prohibits the sale of cider, and the legislative power to regulate the sale of an article or liquid which in some stages is harmless and in others hurtful is no longer open to question."

Then follow observations as to the uncertainty of the state of cider owing to its tendency to become hard, and thereby intoxicating, which led the court to conclude that in the interest of the health of the people and the peace and good order of the community it is reasonable to regulate the sale of cider, and that such regulation violates no private right and does not unreasonably or improperly restrain trade. Answering the claim that power to regulate the sale was not conferred on the city council, the court says:

" There is no provision of statute directly authorizing the enactment of such an ordinance, but the legislature, after conferring power to pass ordinances for certain specific purposes, authorized city councils ' to enact and make all such ordinances, by-laws, rules and regulations, not inconsistent with the laws of the state, as may be expedient for maintaining the peace, good government and welfare of the city and its trade and commerce.' Gen. Stat. 1889, ¶ 824. The same section of the statute provides that the ordinances passed in pursuance of this authority shall be enforced by suitable penalties, there prescribed. The ordinance under consideration is not repugnant to the constitution or laws of the state; and, as we have seen, the regulation of the same is neither unreasonable nor unjust. Every statute of the state shows the solicitude of the law to protect the health and morals of the people, and preserve the peace and good order of the communities, and it is manifest that the legislature intended that ample authority should be conferred either by express grant or by virtue of the general powers to carry out this purpose. Instead of specifically defining every regulation which might be necessary to the health, safety, peace and convenience of the public, the legislature enacted the general-welfare clause; and it seems to us that it furnishes sufficient authority for the council

to pass an ordinance so clearly in the interest of peace, good order and health as the one in question.''

In the case of *In re Jahn, Petitioner* (55 Kan. 694), an ordinance of a city of the third class regulating the sale of ''malt, hop-tea tonic, ginger ale, cider or other drink of like nature,'' by prohibiting the sale thereof in quantities less than one gallon, and forbidding the drinking of the same at the place of sale, was declared to be a valid public regulation. The court in the latter case expressly followed the decision in *Monroe v. City of Lawrence*, supra.

It will be observed that cider was included in the ordinance in the Jahn case. The reasoning in the earlier case was therefore applicable to the later case ; but it would seem that neither of these cases should be regarded as controlling here. The ordinance under consideration did not seek to regulate the sale of the liquids named therein ; it absolutely prohibited the sale of such articles. It declares that the liquids the sale of which is forbidden contain alcohol in ''insufficient quantities to intoxicate.'' Does the mere fact, then, that they contain a small percentage of alcohol give the cities of the State authority to prohibit their sale? The following from the opinion of the court, by Mr. Justice Brewer, in *Intoxicating-Liquor Cases* (25 Kan. 765), seems to be applicable here : ''I do not think the legislature can prohibit the sale or use of any article whose sale or use involves no danger to the general public. The habits, the occupation, the food, the drink, the life of the individual, are matters of his own choice and determination, and can be abridged or changed by the majority speaking through the legislature only when the public safety, the public health, or the public protection requires it.''

It can hardly be claimed that the Legislature could

prohibit the selling of the liquids named in the ordinance before us.   We see no good reason for holding that a power which the Legislature does not possess has been given by it to a city which exists under and by virtue of the laws it has enacted.

The judgment of the trial court will be reversed, and the case remanded for further proceedings in accordance with the views herein expressed.