THE CITY OF LINCOLN CENTER v. JOSEPH C. LINKER.
No. 297.

1. ORDINANCE—*regulating sale of non-intoxicating drinks, valid police regulation.* An ordinance of a city of the third class, "regulating the sale of malt, American hop ale, cider or any other drink of like nature, no matter by what name it may be called," by prohibiting the sale thereof in less quantities than one gallon, or in separate bottles or packages, in any room in said city not open to the public gaze, is a valid police regulation.

2. CRIMINAL PLEADING AND EVIDENCE—*complaint charging offense in language of ordinance, good against motion to make definite and certain.* A complaint that charges a violation of the above ordinance in the language of the ordinance is good as against a motion to make the same more specific, definite, and certain.

3. ——— *testimony of witness on appeal that he had two sales in mind when testifying to one below does not constitute variance.* Where the witness upon whose testimony the city relied

24—6 KAN. APP.

370    City of Lincoln Center v. Linker.

N. Dept.        Opinion.   Wells, J.        6 Kan. App.

to make the conviction upon one count had testified in the police court to but one sale, and testified in the district court to two sales and that he had both of them in mind when he testified before, there is no variance between the offense of which the defendant was convicted in the police court and the one upon which he was convicted in the district court.

4. ———— *prosecuting witness testifying to belief in illegal sales proved at trial, at time of making complaint, verification sufficient.* A complaint verified by a person who swore at the trial that at the time he made it he had reason to believe and did believe that the parties to whom the sales were made upon which a conviction was had bought such drinks at the place named, within the time named, was sufficient to sustain a conviction thereunder.

Appeal from Lincoln District Court. Hon. R. F. Thompson, Judge. Opinion filed December 23, 1897. *Affirmed.*

*E. H. McFarland*, for appellee. *T. F. Garver*, of counsel.

*Geo. D. Abel* and *David Ritchie*, for appellant.

WELLS, J. On May 4, 1897, a complaint was filed in the police court of Lincoln Center, charging the appellant with violations of certain ordinances of said City, in twelve different counts, the first four of which charged violations of ordinance number 113, and the others, violations of ordinance number 152. A trial was had, and the defendant was found guilty of a violation of ordinance number 152 as charged in counts number 5, 7, 9, 10, 11 and 12, and was fined three hundred dollars and costs. An appeal was duly taken to the District Court of Lincoln County, where the case was tried to a jury, which found the defendant guilty upon the tenth and twelfth counts only, and, after a motion for a new trial and in arrest of judgment had been made by the defendant and overruled by the court, the defendant was fined one hundred dollars

and costs.   A bill of exceptions was duly prepared, signed, and filed, and the case brought by appeal to this court upon the record.

The first contention is that ordinance number 152 is void; and the appellant contends that, unless the court can judicially determine that the drinks named and described in the ordinance are deleterious to the peace, health, morals, or welfare of the community, it must be so held.   This question seems to have been settled by the opinion in the cases of *City of Lawrence v. Monroe* (44 Kan. 607), and *In re Jahn, Petitioner* (55 id. 694).   The question is not as to the effects of the drinks themselves, but as to the effect of their sale under the conditions and circumstances prohibited. Neither is it the court that is to primarily decide as to the necessity of the ordinance; but this is a matter for the discretion of the council that passes it.

"If an express power is given to a corporation to enact ordinances of a certain kind, the legislature thereby trusts to the discretion of the council to determine just how far they shall go within the limits imposed; and there is every presumption that the council are not only actuated by pure motives, but that they are so familiar with the mischief to be remedied, and with the defects of the prior regulations, as to be the best possible judges of the necessity for the enactment of the new law, and of the extent to which it is advisable to exercise the power granted.   The council, and not the court, is the proper repository of this public trust, and it should be a plain case indeed to justify the latter in interfering with the determination of the council, or of questioning either their motives or the cogency of their reasons for enacting the ordinance. Surely, when an ordinance is, upon its face, plainly within the terms of an express power, the court ought not to interfere on the grounds of unreasonableness. It is restricted to consider the constitutionality of the

372    CITY OF LINCOLN CENTER v. LINKER.

N. Dept.                Opinion.  Wells, J.              6 Kan. App.

act granting the power.'' Horr and Bemis on Municipal Police Ordinances, § 128.

The next contention is, that the court erred in overruling the defendant's motion to make the twelfth count more specific, definite, and certain. The offense was charged in the exact language of the ordinance, and that, we think, was sufficient in this case. See *The State v. Foster*, 30 Kan. 365, and authorities therein cited.

The appellant next contends that the court erred in giving to the jury instructions number five and seven, and in submitting the evidence upon count number twelve to the jury, for the reason that there was no evidence which would warrant its submission to the jury. The instructions are not set out in the brief, as required by rule six of this court, and we shall not discuss them, except to say they are correct statements of the law, and applicable to this case.

It is contended that, as the City relied upon the testimony of the sale to Rose for conviction under the twelfth count, and as he only testified to one sale in the police court, but testified to two sales at the final trial, and that he could not say which he had in mind at the former trial, therefore the defendant could not be convicted of either, as he might be convicted of a sale that was not in the witness's mind when he testified at the former trial. We do not think this position can be sustained under the authority of *City of Burlington v. James* (17 Kan. 221), or *State of Kansas v. Neild* (4 Kan. App. 626, 45 Pac. Rep. 623), particularly in view of the fact that the witness testified that he had both sales in mind when he testified at the former trial.

Finally, it is contended by the appellant that the .

prosecuting witness did not have, at the time he swore to the complaint, such knowledge or notice as would justify a conviction.  The prosecuting witness testified that at the time he swore to the complaint he had reason to believe, and did believe, that these parties bought drinks at the place named, within the time named.  In the case of *State of Kansas v. Neild*, supra, it is said :  " It is of course not necessary that he [the prosecuting witness] should have personal knowledge or perhaps even definite notice of each particular transaction relied upon ; but it is essential that he should have had information or notice of such violations of the law by the defendant as might reasonably be said to have included the particular transactions relied upon for conviction."

From all the evidence in the case, we think the court justly held that the prosecuting witness had the necessary information and notice.  The judgment of the court below will be affirmed.