THE CITY OF LINCOLN CENTER v. JOHN F. LINKER.

### No. 311.

1. CRIMINAL LAW — *Violation of City Ordinance — Description of Offense.* A complaint charging the violation of a city ordinance which describes the offense in the language of the ordinance is sufficiently definite and certain against a motion to quash.

2. ———— *Evidence — Demand for Election, Premature When.* A request made when a witness was called, before he had given any testimony, "that the court require the prosecution to designate upon which count of the complaint the testimony of the witness is offered," is prematurely made, and the court did not err in refusing the request.

Lincoln Center v. Linker.

3. ——— *Evidence Examined — Held Properly Excluded.* In a trial for the violation of a city ordinance, certain rejected testimony examined, and held that the court properly excluded the offered evidence.

4. ——— *Allowance of Attorney Fee, Held Unauthorized.* L. was convicted upon a trial for the violation of ordinance No. 152 of Lincoln Center, a city of the second class. The court assessed as a part of the costs an attorney's fee of twenty-five dollars for the prosecuting attorney. *Held*, That the court erred in assessing this fee as costs.

Error.from Lincoln district court; R. F. THOMPSON, judge. Opinion filed June 20, 1898. Modified and affirmed.

*E. H. McFarland*, for appellee.

*George D. Abel*, and *David Ritchie*, for appellant.

The opinion of the court was delivered by

McELROY, J.: On the 7th day of June, 1897, complaint was filed in the police court of Lincoln Center, charging John F. Linker with the violation of the ordinances of said city on twelve different counts. The first and second counts charged a violation of ordinance No. 113, and the other counts charged a violation of ordinance No. 152. A trial was had and the defendant was found guilty under the first, fifth, sixth, seventh, eighth and twelfth counts of the complaint. An appeal was taken to the district court, where a trial was had before the court and a jury, and the defendant was then found guilty upon the fifth, sixth and seventh counts. A motion for a new trial was filed, overruled, and the court assessed a fine against the defendant of seventy-five dollars on each count, and the costs of suit, including an attorney's fee of twenty-five dollars. A bill of exception was prepared, allowed, and filed, and the case is brought to this court for review.

I. The appellant alleges that the court erred in overruling his motion to quash the fifth, sixth and seventh counts of the complaint. These counts charge, in substance, that "on the 7th day of June, 1897, in the city of Lincoln Center, Lincoln county, state of Kansas, one John F. Linker did then and there unlawfully sell, barter and give away a drink, but by what name it is called or known, or whether it has any name, is to this affiant unknown, and he cannot therefore state specifically the name of such drink, or whether such drink had any name, but such drink being of like nature to malt, hop tea, hop-tea tonic, ginger ale, American hop ale, in less quantities than one gallon, and did allow and permit the same to be drunk at the place of sale, contrary to the provisions of ordinance No. 152." The sixth and seventh counts of the complaint are the same, except that they charge different sales. The appellant contends that the complaint is uncertain with reference to the offense charged. Section 1 of ordinance No. 152 prescribes and defines two separate and distinct offenses, to wit : (1) The sale of liquids described in the ordinance in less quantities than one gallon ; and, (2) allowing or permitting such liquids to be drunk at the place of sale. The title of the ordinance is, "An ordinance to regulate the sale of malt and other drinks, to define the places where such drinks may be sold, and prescribe penalties." The section under which the complaint was drawn reads :

" That it shall be unlawful for any person or persons in this city to sell, barter or give away any malt, hop tea, hop-tea tonic, ginger ale, American hop ale, cider, or any other drink of the like nature, no matter by what name it may be called, in less quantities than one gallon, or permit or allow the same to be drunk at any stand, store, or other place of sale ; provided fur-

ther, that the amount sold shall not be contained in separate bottles or packages."

Section 59, chapter 37, of the General Statutes of 1897, provides :

" No ordinance shall contain more than one subject, which shall be clearly expressed in its title, and no ordinance shall be revised or amended unless the new ordinance contains the entire ordinance revised or the section or sections amended, and the section or sections so amended shall be repealed."

Beach on Public Corporations says ( sec. 517 ) :

" Construction of Ordinances. The canons of construction that are employed in the interpretation of statutes are also used to determine the meaning of ordinances. Provisions that are essentially penal are strictly construed, but the ordinary police regulations, even though a penalty be attached, are not subjected to so close a scrutiny. It is proper to consider the title of the ordinance and the mischief which it was designed to remedy, as also in doubtful cases a contemporaneous construction by the parties interested. General words and sweeping clauses are controlled by particular descriptions preceding them. If an ordinance is susceptible of two constructions, that one must prevail which will preserve its validity in preference to a construction that will render it invalid.; and this must be done although the construction adopted may not be the most obvious or natural or the literal one. . . ."

Apply this rule of construction, under the statutory limitations, to the ordinance in question, and section 1 is seen to prescribe and define only one offense ; that is, for the sale of the liquids described in less quantities than one gallon. The title of the ordinance does not indicate any intention to regulate the use of the liquids, but to regulate the sale, define the place where sold, and prescribe penalties.

In the case at bar the complaint charges the offense in the language of the ordinance, and we think this is sufficient. The same precision required in a common-law information or indictment is not required in a complaint for the violation of a municipal ordinance. It is generally held sufficient to set out the substance of the ordinance alleged to be violated. The complaint should state briefly the acts done which constitute the violation of the ordinance, together with the time when and place where the offense was committed. In such cases the general rule undoubtedly is, that it is sufficient in the complaint to describe the offense in the language of the ordinance. (*City of Lincoln Center v. Linker*, 6 Kan. App. 369, 51 Pac. Rep. 807 ; *The State v. Foster*, 30 Kan. 365.)

*1. Language of ordinance sufficient.*

The appellant argues that malt, hop tea, hop-tea tonic, American hop ale and ginger ale are not of like nature, and for that reason the complaint is not direct and certain in regard to the offense charged. He says :

"We have searched the books in vain to find a definition of the first four articles herein named, but without success, but it is within the common knowledge of every citizen of this state that these articles are imitations of lager beer and are made from malted grain, hops, and water, slightly fermented, and contain a very slight percentage of alcohol, while the other one, ginger ale, is a temperance beverage, prepared from sugar and water, flavored with ginger, and colored."

He draws the conclusion therefrom that these drinks are naturally dissimilar ; therefore, the drinks charged to have been sold could not be of like nature to all of these drinks. Webster defines "like" to be : "having the same or nearly the same appearance, qualities, or characteristics ; resembling, similar to." From the

argument of the learned counsel, we conclude that malt, hop tea, hop-tea tonic, American hop ale, ginger ale and the drinks sold by the defendant are all of like nature in this, that they are liquids, that they are kept in bottles, that they are non-intoxicants, that they contain a mere trace of spirits, that they are put up for the Kansas trade, and, finally, that they are all used as a beverage. In many respects, at least, the drinks sold are of like nature to malt, hop tea, hop-tea tonic, American hop ale, and ginger ale. In these respects the several counts of the complaint are sufficiently definite and certain. The court very properly overruled the motion to quash the complaint.

II. The appellant complains that the court erred in refusing to compel the prosecution to designate upon which count of the complaint the testimony of L. J. Rees was offered. The appellant cites no authority to support this contention and we know of none which supports it. This request seems to have been made before the witness testified, and therefore the request was prematurely made and properly refused.

2. Counsel not required to state to which count evidence is directed.

III. Complaint is made that the court erred in refusing to admit certain testimony. The defendant offered to prove that "the drinks, if any were sold by the defendant, were of such nature that they were kept in sealed packages; that when a package was opened the liquid became useless in a very few minutes; that the ordinary business conducted by the defendant could not be carried on unless the packages sold were pint or quart packages in size; that the liquids used by the defendant in his business were made especially for the Kansas trade and were non-intoxicating drinks; that if such liquids were required to be sold in quantities of

3 Evidence excluded.

one gallon or more, it would utterly destroy his business.'' It was evidently not the intention of the ordinance in question to interfere with any legitimate trade or business. The ordinance was intended as a mere police regulation. It does not in terms attempt to prohibit but only attempts to regulate the sale of the liquids. And this, we think, the city may very properly do, even though the incidental effect of such regulation may be to destroy the traffic as formerly carried on. (*Monroe v. City of Lawrence*, 44 Kan. 607.)

IV. Finally, complaint is made that the court erred in taxing an attorney's fee of twenty-five dollars against the defendant as costs in the case.

4. Attorney's fee not costs.

We are unable to find any authority to sustain the judgment of the court for this attorney's fee, and our attention has not been directed to any statute authorizing such fee to be assessed as costs. We think the court erred in the assessment of this attorney's fee as costs in this case, and to that extent the judgment will be modified.

From what we have said, it follows that the court properly overruled the motion for a new trial. The judgment as modified is affirmed. The costs in this court will be divided equally.