SWEDISH MISSION FRIENDS' AID ASSOCIATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10890. Promulgated July 5, 1928.

*Oscar Thonander, Esq.,* for the petitioner.
*Alva C. Baird, Esq.,* for the respondent.

**OPINION.**

MARQUETTE: The petitioner contends that during the years 1920 and 1921 it was exempt from taxation under section 231(10) of the Revenue Acts of 1918 and 1921, and that if it is not exempt, it is entitled in computing its net income for those years to deduct the amounts of $18,638.46 and $31,523.63 which, as set forth in the findings of fact, it transferred to its reserve fund. The questions raised will be discussed in the order in which they are set forth.

Section 231(10) of the Revenue Acts of 1918 and 1921 provides:

SEC. 231. That the following organizations shall be exempt from taxation under this title—

\*   \*   \*   \*   \*   \*   \*

(10) Farmers' or other mutual hail, cyclone, or fire insurance companies, mutual ditch or irrigation companies, mutual or cooperative telephone com-

panies, or like organizations of a purely local character, the income of which consists solely of assessments, dues, and fees collected from members for. the sole purpose of meeting expenses.

The petitioner is not a mutual hail, cyclone or fire insurance company, a mutual ditch or irrigation company, or a mutual or cooperative telephone company; it is a life insurance association and therefore does not come within the purview of section 231(10) of the Revenue Acts of 1918 and 1921, unless it is included within the term " like organization of a purely local character " as contemplated by section 231(10). We are of the opinion that it does not come within that term. In *Philadelphia & Reading Relief Association*, 4 B. T. A. 713, the identical question that we are now considering was presented. In holding that the taxpayer was not exempt from taxation under the Revenue Act of 1918, we said:

It is also evident that petitioner does not come within the " like organizations of a purely local character, the income of which consists solely of assessments, dues, and fees collected from members for the sole purpose of meeting expenses," as set out in subdivision (10) of section 231 of the Revenue Act of 1918. It is significant that, in the enumeration, in subdivision (10) of section 231, of the mutual insurance companies to be exempted from the tax, Congress did not include life insurance companies along with " farmers or other mutual hail, cyclone, or fire insurance companies." That Congress did not intend to include mutual life insurance companies, or all organizations organized and conducted on a mutual basis, within the term " like organizations " is evident from other provisions of the statute. While the meaning of the term " like " varies with the connection and the intent with which it is used, *Ætna Life Insurance Co.*, v. *Coulter*, 74 S. W. 1050, 1052; *Wynn* v. *Wabash R. R. Co.*, 86 S. W. 562, 564; it has been judicially defined to mean analogous, *In re Rugheimer*, 36 Fed. 369; 373; exactly corresponding, Webster's Int. Dict.; having the same, or nearly the same, appearance, qualities, or characteristics, *Haverstraw* v. *Eckerson*, 108 N. Y. S. 506, 507; resembling, *Lincoln Center* v. *Linker*, 53 Pac. 787, 788; *Munford* v. *Keet*, 55 S. W. 271; similar to, *Lincoln Center* v. *Linker, supra;* and *Haverstraw* v. *Eckerson, supra*. As we have previously pointed out, whatever the petitioner's business may be called, the scheme is that of insurance. The relation of the petitioner to its members is contractual. For definite contributions the petitioner has contracted to pay specified benefits in the event of sickness, accident, or death. Its business has the same characteristics as that of a mutual life insurance company, and is analogous to a mutual life insurance business. Life and health insurance is too well known and important to suppose that Congress would detail hail, cyclone, and fire insurance, and intend life and health insurance to be included in the general expression of " like organizations." *Bankers' & Planters' Mutual Insurance Association* v. *Walker*, 279 Fed. 53.

In our opinion our decision in *Philadelphia & Reading Relief Association, supra*, is controlling of the issue here and it follows that the petitioner was not exempt from taxation during the years 1920 and 1921. See also *Workingmen's Cooperative Association of The United Insurance League of New York*, 3 B. T. A. 1352.

Section 234 (a) of the Revenue Act of 1918, after specifying certain deductions not material here, to which corporations are entitled in computing their net income, provides that insurance companies may deduct:

(10) In the case of insurance companies, in addition to the above:

(a) The net addition required by law to be made within the taxable year to reserve funds (including in the case of assessment insurance companies the actual deposit of sums with State or Territorial officers pursuant to law as additions to guarantee or reserve funds).

The petitioner is a life insurance company incorporated under the laws of Illinois and operating under the mutual assessment plan. The laws of Illinois during the years involved herein provided, relative to reserves required to be accumulated and maintained by insurance companies, that:

Every such life insurance corporation shall accumulate and maintain a reserve or emergency fund equal to such sums as might be realized from one assessment on, or periodical payment by policy or certificate holders thereof, and in no event less than the amount of its maximum policy or certificate. Such fund, if not already accumulated, shall be accumulated by every such existing corporation within six months of the time this Act takes effect.

The reserves of the petitioner "required by law," within the meaning of section 234 (a) (10) of the Revenue Act of 1918, are those required by the above-quoted statute of Illinois. There has been no evidence presented to us to show that the amount that the respondent has allowed the petitioner to deduct from gross income for the year 1920 is not the amount of the addition it was required to make to its reserve fund in that year by the laws of Illinois, and in the absence of such evidence the petitioner's claim that it is entitled to deduct on account of additions to its reserve fund any greater amount than allowed by the respondent, must be denied.

In the year 1921 the basis for taxing life insurance companies was changed. Section 245 (a) (2) of the Revenue Act of 1921 provides:

Sec. 245. (a) That in the case of a life insurance company the term "net income" means the gross income less—

\* \* \* \* \* \* \*

(2) An amount equal to the excess, if any, over the deduction specified in paragraph (1) of this subdivision, of 4 per centum of the mean of the reserve funds required by law and held at the beginning and end of the taxable year, \* \* \*.

Section 244 (b) of the Revenue Act of 1921 provides that:

Sec. 244. \* \* \* (b) The term "reserve funds required by law" includes, in the case of assessment insurance, sums actually deposited by any company or association with State or Territorial officers pursuant to law as guarantee or reserve funds, and any funds maintained under the charter or articles of incorporation of the company or association exclusively for the payment of claims arising under certificates of membership or policies issued upon the assesment plan and not subject to any other use.

It appears that under the Revenue Act of 1921 reserves required by law in the case of assessment insurance companies or associations, are given a broader definition so as to include funds maintained under the charter or articles of incorporation of the company or association, exclusively for the payment of claims arising under certificates of membership or policies issued upon the assessment plan and not subject to any other use. The mortuary fund and reserve fund maintained under article 5 of the petitioner's constitution come within the definition of reserves required by law as provided by section 244 (b) of the Revenue Act of 1921.

The deficiency letter herein shows that the respondent has allowed the petitioner to deduct from gross income on account of additions to its reserve fund, an amount computed as follows:

|  | Beginning of year | End of year |
|---|---|---|
| Mortuary fund | $102, 321. 81 | $113, 722. 35 |
| Reserve fund | 112, 176. 74 | 129, 362. 12 |
| Total | 214, 498. 55 | 243, 084. 47 |
| Total columns 1 and 2 |  | 457, 583. 02 |
| Mean of reserve funds (½ of item above) |  | 228, 791. 51 |
| 4% of mean of reserve funds allowed as a deduction |  | 9, 151. 66 |

It is obvious from the above-quoted provisions of the Revenue Act of 1921 that a life insurance company is entitled to deduct from gross income on account of additions to its reserve fund, only an amount computed as specified by section 245 (a) (2) of that Act. We have before us no evidence to show that the respondent has not correctly computed the deductions to which the petitioner is entitled, and on the record we must affirm the respondent.

The petitioner also urges that its entire receipts constitute a trust fund for the benefit of its policy holders, and are hence not income. We attach no importance to this argument and do not deem it necessary to discuss it.

*Judgment will be entered for the respondent.*