23636. EBLING *v.* THE STATE.

DECIDED MAY 29, 1934.

*Carl H. Griffin, John Camp Davis,* for plaintiff in error.
*James F. Kelly, solicitor-general, J. R. Rosser,* contra.

MacIntyre, J. Wilson Ebling was indicted for violating the prohibition law. He filed a demurrer, which was overruled; he was tried, convicted, and filed a motion for a new trial and an amendment thereto. The motion was overruled, and he excepted. Omitting its formal parts, the first count of the indictment alleges that the defendant did "have, possessed and controlled, and have in his possession, custody and control, spirituous, alcoholic, malt, and intoxicating liquor." The second count charges that on the same day the defendant "did unlawfully have, possess, and control what is known as 3.2 beer, the same having the appearance of beer, and smells like beer and tastes like beer, and has the color and general appearance of beer."

The first ground of the demurrer alleges that "the second count of said indictment charges no offense, but is a statement of the rules of evidence prescribed by the act of the extra session of 1915, page 87, section 19." Section 1 of this act, page 79 (section 448(2) of Michie's Penal Code), provides that "the term 'prohibited liquors and beverages,' whether used in this act or in any other acts to promote temperance or to suppress the evils of intemperance, shall include and be deemed to embrace the following: . . (3) all malted, fermented, or brewed liquors of any name or description, manufactured from malt, wholly or in part, such as beer, lager beer, near beer, porter and ale, and all brewed or fermented liquors and beverages in which maltose is a substantial ingredient, whether alcoholic or not or whether intoxicating or not; . . (6) all liquors or beverages and drinks made in imitation of or intended as a substitute for beer, ale, wine, or whiskey, or other alcoholic or spirituous, vinous, or malt liquors, including those liquors and beverages commonly known and called near beer." The true test of the sufficiency of an indictment that will withstand a general demurrer is laid down by Judge Bleckley in the case of *Newman* v. *State,* 63 *Ga.* 533, 534, as follows: "If all the facts which the indictment charges can be admitted, and still the accused be innocent, the indictment is bad; but if, taking the facts alleged as premises, the guilt of the accused follows as a legal conclusion, the indictment is good." While it is true that count 2 of the indictment does not use the words, "imitation or substitute," used in the section of the act quoted above, yet can the accused admit all the facts which the indictment charges and still be innocent?

We think not. Relatively to prohibited liquors, if the State proves that the accused possessed what is known as 3.2 beer, that the same had the appearance of beer and smelled like beer and tasted like beer and had the color and general appearance of beer, it has made out a prima facie case, and, the defendant not rebutting this evidence, it remained sufficient to establish the fact that the liquor was a prohibited liquor under the above statute (Michie's Penal Code, § 448(20)). In other words, this count of the indictment alleges such facts as, when proven, would at least show that the beer was an imitation of beer or malt beer, and therefore a prohibited liquor. We do not think the defendant can admit all the facts charged in count 2 of the indictment and still be innocent. We therefore hold that the general demurrer is not meritorious.

The third ground of the defendant's demurrer was: "Defendant demurs specifically to that part of the second count that describes what is known as 3.2 beer, and says that the use of the phrase is meaningless, unintelligible, and incomplete, and because it makes no reference to prohibited beer." The Penal Code (1910), § 954, provides that an indictment shall be deemed sufficiently technical and correct when it states the offense in the terms and language of the Code, or so plainly that the nature of the offense charged may be easily understood by the jury. This section, however, was not "designed to deny to one accused of crime the right to know enough of the particular facts constituting the alleged offence to be able to prepare for trial." *Johnson* v. *State,* 90 *Ga.* 441, 444 (16 S. E. 92). "Where statutes create offenses, indictments should contain proper and sufficient averments to show a violation of the law. . . Great niceties and strictness in pleading should only be countenanced and supported when it is apparent that the defendant may be surprised on the trial, or unable to meet the charge or make preparation for his defense for want of greater certainty or particularity in the charge. Beyond this, it tends more to the evasion than the investigation of the charge, and becomes rather a means of escaping punishment for crime than of defense against the accusation." Cannady *v.* People, 17 Ill. 158. Having in mind the above-stated general principles for testing the sufficiency of the allegations of the indictment, we hold that, when taken in connection with the other allegations of count 2, the clause, "what is known as 3.2 beer," is not meaningless or other-

wise subject to the criticisms made. In many respects, at least, the beers alleged in this count to have been possessed are of a like nature to or imitations of beer in this: that they are known as 3.2 beer; that they have the appearance of beer; that they smell like beer; that they taste like beer; and that they have the color and general appearance of beer. See, in this connection, City of Lincoln Center v. Linter, 7 Kan. App. 284 (53 Pac. 787).

■ The rulings stated in headnotes 2 and 3 need not be elaborated. The exceptions taken to the charge of the court in the motion for a new trial do not disclose reversible error. The evidence was amply sufficient to support the verdict.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*