30367. GOWER *v.* THE STATE.

DECIDED MAY 19, 1944.

*H. A. Allen, Gertrude Harris,* for plaintiff in error.

*Lindley W. Camp,* solicitor, *John A. Boykin, solicitor-general, Durwood T. Pye,* contra.

MacINTYRE, J. ▮ The Code, § 27-1501, provides that, "If the prisoner, upon being arraigned, shall demur to the indictment, . . the demurrer . . shall be made in writing." "Where the accused desires to take exception to the form of an indictment or accusation, it is essential that he should do so by a demurrer or motion to quash, made in writing and before pleading to the merits. If, however, the indictment or accusation is so defective that judgment upon it would be arrested, attention may be called to this

defect at any time during the trial, and it may be quashed on oral motion. These rules are clearly deducible from the decisions of this court dealing with the law embraced in the section of the Code above quoted." *Gilmore* v. *State,* 118 *Ga.* 299 (45 S. E. 226). Under this rule, the only demurrer or motion to quash the accusation, which we can consider under the record, as it appears in this court, is a motion to quash the accusation in the nature of a general demurrer, on the ground, "that the allegations therein made do not charge any criminal offense against the defendant named in the indictment." The Code, § 26-6201, provides: "Whoever shall solicit another for the purpose of prostitution or shall solicit for a prostitute, or who shall offer to procure a prostitute for another, or shall, with knowledge or good reason to know of the immoral purpose of such directing, taking or transporting, direct or assist in directing, or shall take or transport, assist in taking or transporting, or offer or agree to take or transport, on foot, or by automobile, or any other means, any person to any house of ill fame, hotel, rooming house, apartment, room, park, field or woods, or any other place whatsoever, for the purpose of lewdness, assignation, or prostitution, shall be guilty of a misdemeanor." The accusation charges that the defendant "did solicit another for the purpose of prostitution, [did solicit] for a prostitute, and did offer to procure a prostitute for another, with knowledge and good reason to know of the immoral purpose of such direction, for the purpose of lewdness." (Brackets ours.) "The true test of the sufficiency of an indictment that will withstand a general demurrer is laid down by Judge Bleckley in the case of *Newman* v. *State,* 63 *Ga.* 533, 534, as follows: 'If all the facts which the indictment charges can be admitted, and still the accused be innocent, the indictment is bad; but if, taking the facts alleged as premises, the guilt of the accused follows as a legal conclusion, the indictment is good.'" *Ebling* v. *State,* 49 *Ga. App.* 220, 221 (174 S. E. 739). Can the defendant admit the charges as here made and still be innocent? To ask this question in regard to the accusation in this case is to answer it in the negative. *Hall* v. *State,* 47 *Ga. App.* 833, 834 (171 S. E. 727). The offense charged is statutory. The acts alleged in the accusation are fully within the statutory description substantially in the words of the statute. The indictment charges every essential substantial element of the offense alleged to have

been committed. It alleges that the defendant did all those acts, which, if done, the statute says is a crime. We do not think that the defendant can admit all of the facts charged in the accusation and still be innocent. We therefore hold that the general demurrer to the accusation is not meritorious. *Youmans* v. *State, 7. Ga. App.* 101 (4) (66 S. E. 383); *Massey* v. *State, 56 Ga. App.* 368, 369 (192 S. E. 660).

■ The accusation is not subject to general demurrer on the ground that it is so inexact and indefinite it will not protect the defendant from a second jeopardy, because it fails to name the prostitute, or to name the person for whom the defendant offered to procure the prostitute. The rule being that, "in all pleas of former acquittal or conviction, the proof of the plea has to consist partly of matter of the record and partly not of record. And the identity of the two cases is the part of the plea which it is the peculiar business of the evidence, which is not of record, to make out." *Goode* v. *State, 70 Ga.* 752, 754; *Day* v. *State, 70 Ga. App.* 819 (29 S. E. 2d, 659). Here the State elected to try the defendant on an accusation, general in its terms, which would permit it to show by evidence the commission of the alleged misdemeanor. And by showing an unlawful soliciting of another for the purpose of prostitution, or by offering to procure a prostitute for another, or by soliciting for a prostitute at any time within two years prior to the time of the filing of the accusation—by showing any one of these, a conviction under the accusation would be authorized. However, the law allows the defendant the resulting advantage that but one judgment and but one punishment can be given under the accusation, although the defendant may have, by unlawfully soliciting many persons for prostitution, or soliciting for many prostitutes, or offering to procure many prostitutes for various and sundry persons, committed many misdemeanors on divers days and at various times within two years prior to the filing of the accusation; yet, a conviction or an acquittal under such an accusation thus general in its terms is a bar to a subsequent prosecution for any of the prohibited acts occurring within the period of two years prior to the filing of the accusation. *Abel* v. *State, 64 Ga. App.* 448, 455 (13 S. E. 2d, 507).

■ The defendant was charged with the offense of soliciting for the purpose of prostitution, soliciting for a prostitute, and offering to procure a prostitute for another, which, under section 26-6201, may be committed in either of several ways. The fact that the accusation charges, in a single count, the commission of the offense in several of the methods prescribed by the statute does not make it subject to general demurrer, none of the methods alleged being repugnant to the other. The offense could have been established by proof of any one of the prohibited acts. The evidence authorized the jury to find that the defendant was guilty of soliciting another for the purpose of prostitution, which is one of the prohibited acts alleged, and this would support the general verdict of guilty. *Cody* v. *State,* 118 *Ga.* 784 (45 S. E. 622) ; *Goode* v. *State,* supra.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*